## WATSON & SIMPSON v. SIMPSON.

1. An execution cannot be levied on any of the articles exempt from levy and sale, for the use of families, although the execution may have come to the sheriff's hands before the defendant in execution married, and became the head of a family.

ERROR to the Circuit Court of St. Clair.

This was a trial of the right of property. From the testimony it appeared that a writ of *fieri facias* against the defendant in execution was issued, and came to the sheriff's hands, whilst the defendant in execution was the owner of the mare, which was subsequently levied on, but that before such levy he married and became the head of a family. The court charged the jury, that the marriage of the defendant before the levy of the execution, created a *lien* in favor of the family of the defendant in execution, paramount to the general *lien* of the plaintiff in execution, if the defendant had but one horse, &c.; to which the plaintiff excepted, and now assigns for error.

BAYLOR, for the plaintiff in error.
W. B. MARTIN, *contra.*

ORMOND, J.—The statute by which this question is to be ascertained, declares that "the following articles shall be retained by and for the use of every family of this State, free and exempt from levy or sale by virtue of any execution or other legal process, that is to say," &c. Among the exempted articles is "one work horse."

Statutes of this description have always received a liberal construction to effectuate the intent of the legislature, which was to preserve from levy and sale, under legal process, certain articles necessary to the comfortable subsistence of a family, and we are unable to perceive why this provision, thus made by law for the comfort of the family, should fail of its effect, because the family

came into existence after a general *lien*, by operation of law, had attached on the property in favor of the creditor.

A *lien* which is not created by the act of the parties, but is given by law, may be taken away by law, and of this we have an example in the same act, which declares that when a term shall elapse after the suing out of an execution, the *lien* created by the issue of the junior execution be preferred.

But indepependent of this analogy, the language of the act is express, that the exempt articles shall be free from *levy or sale*, by virtue of legal process, and be retained for the use of the family. This is a direct prohibition to do the act spoken of; there is no room for doubt; and as the power of the legislature, in the passage of the act, cannot be questioned, it follows that the court below did not err, and its judgment is therefore affirmed.