## FAVERS vs. GLASS.

22  621<br>144  507

1. In the construction of statutes, a word which has two significations should, ordinarily, receive that meaning which is generally given to it in the community; but when this construction would contravene the manifest intention of the legislature, we must depart from this rule, and give effect to the intention.

2. A vehicle with four wheels, drawn by oxen, suited to the ordinary purposes of husbandry, and employed in the same uses to which carts, in the common acceptation of the term, are appropriated, is protected from levy and sale by the statute which exempts " one horse or ox cart" from execution.

ERROR to the Circuit Court of Barbour.

The record does not show the name of the presiding judge.

TRESPASS by Glass against Favers, for that the defendant, who was a constable, seized and sold under execution a vehicle with four wheels, drawn by oxen and called an ox wagon, which plaintiff claimed to be exempt from execution under the statute found in Clay's Dig. 210 § 47.

The case was submitted to the court on an agreed state of facts, on which judgment was rendered for the plaintiff; and this judgment is now assigned for error.

P. T. SAYRE, for plaintiff in error:

Statutes must be construed according to the intention of the legislature; and to the words of a statute must be attached the usual signification which they received at the time of the making of the law. The record shows, that it was proved in the court below, that a " cart" has only two wheels, while

a "wagon" has four. The law, then, must have been enacted with reference to this existing distinction; and if it was recognized by the legislature, it must necessarily be observed by this court.

The legislature must have known that there were two classes of vehicles used by the farming community; one particularly adapted to oxen, called carts, and the other to horses, called wagons; and if the intention had been to exempt wagons as well as carts, it would have been just as easy to use the word wagon as cart. "Wagon," according to Webster, is "a vehicle moved on four wheels;" "cart," according to the same authority, "is a carriage with two wheels, fitted to be drawn by one horse, or by a yoke of oxen, and used in husbandry." This is the first and general meaning affixed to the word by Webster. A second meaning is also given, which makes it a carriage in general; but that signification was probably given by way of poetical license, as he refers to but two authorities.

The law was made with reference to the wants of the country, and ought to be so construed as to give effect to the intention of the legislature; but the court has no right, (for the purpose of being liberal in the construction of statutes,) so to construe it as to make a new law. One "gun" is also exempted, but the court would hardly say that by that term the legislature intended to exempt a cannon, which is a large gun.

The word "cart" has a fixed, settled, definite, and positive meaning; so has the word "wagon," and they convey to the mind a separate and distinct idea. To decide that a wagon is exempt from execution, the court must determine that a wagon and a cart are the same things—synonymous terms. The court must decide that the distinction which has always existed between the two terms, must no longer exist, and establish a synonym in the English language unknown to any lexicographer.

E. C. BULLOCK, contra:

The language of the statute is, "one horse or ox cart." Cart is a more general term than wagon, and although usually applied to "a carriage with two wheels," its second and more

comprehensive meaning, as given by Webster, is "a carriage in general,"—Webster's large Dictionary, p. 177 ; used in this sense, it would undeniably include a wagon. But whether covered by the letter of the statute or not, it is clearly embraced in its spirit.

The statute exempting certain articles from levy and sale has always received the most liberal construction, to effectuate the manifest intent of its enactment. Watson v. Simpson, 5 Ala. 233. The reported case most analogous to the one in question, is that of Noland v. Wickham, 9 Ala. 169. There the question was, whether a horse not broke to gear or harness was included in the term "work horse." The court · regarding the intent and spirit of the law, rather than its strict letter, rejected the usual and popular meaning of that term, and gave it its evident signification. The reasoning there employed by the court, applies in full force to the case at bar.

The purpose of the legislature in exempting a horse or ox cart from levy and sale, was not to restrict the benefit of the statute to a vehicle of any particular structure or number of wheels, but to secure to each poor family some vehicle, to be used in hauling their crop, and otherwise subserving their wants. If it is suitable for, and actually applied to this purpose, it is protected by the spirit and intent of the statute.

CHILTON, C. J.—Trespass, and recovery in the court below, by Glass against Favers, for that the latter, as constable, seized and sold a vehicle with four wheels, which was drawn with oxen and called an ox wagon, the only vehicle the defendant in error had, and which, being the head of a family, he claimed to be exempt from seizure under legal process, by the law which says "one horse or ox cart" shall be so exempt. Clay's Dig. 210 § 47.

The only question before us is, whether the term "horse or ox cart" will embrace a wagon, or vehicle with four wheels. The counsel for the plaintiff in error says, their meaning is very different, as they are ordinarily understood in the community ; that by "cart" is understood a two wheel carriage, as distinguished from a wagon, which has four ; and that we should give to the words employed in the statute their ordi-

nary signification. He insists, that the legislature must have known of this distinction, and have passed the law with reference to two classes of vehicles.

True, the word "cart," in its primary and ordinary accep-·tation, signifies a carriage with two wheels; yet, it has a more extended signification, and means a carriage in general.

In order to ascertain whether the legislature used it in its restricted or enlarged sense, we must look to the design and object of the statute. This evidently was, to secure "to each poor family," in the language of the counsel for defendant, "some vehicle to be used in hauling their crops, and otherwise subserving their wants." The number of wheels upon which it moved, we cannot suppose was a matter of any moment in the enactment of the law.

When a word used in a statute has two significations, and we are called upon to construe it, ordinarily it should receive that meaning which is generally given to it in the community; but, if by giving to it such meaning, we should contravene the manifest intention of the legislature, we must then depart from the rule, and give effect to the intention.

We have several times decided, that this act must receive a liberal construction. 5 Ala. 233; Noland v. Wickham, 9 Ala. 169; Salee v. Waters, 17 ib. 482. Giving it this construction, we are bound, we think, to hold that a four wheel vehicle, suited to the ordinary purposes of husbandry, drawn by oxen, and employed in the same uses to which carts, in the common acceptation of the term, are appropriated, is protected by the statute from levy and sale. This would not exempt pleasure carriages, nor those larger wagons drawn by horses, or even oxen, and employed solely in the carrying trade; but such carts or wagons only were within the contemplation of the legislature, as were suitable to be employed about the domestic establishment, in garnering crops, hauling wood, rails and the like. This construction does no violence to the meaning of the word "cart," but adopts its general, rather than its primary, as well as ordinary meaning, for the purpose of giving effect to the plain object and intention of the legis- · lature, excluding from the class implied by the general designation such vehicles as were not within the legislative contemplation.

The judgment must be affirmed.