Falconer v. Head.

---

## FALCONER *vs.* HEAD.

[GARNISHMENT ON JUDGMENT.]

1. *Oral and written answer of garnishee.*—Where the judgment against the garnishee, rendered on the fifth day of the term, recites that he had "filed his answer within the time prescribed by law;" and the only answer set out in the record purports to have been made in open court, and to have been "filed in office" on the day the judgment was rendered, the appellate court will consider the answer to have been first made orally in open court, and to have been afterwards committed to writing and filed on the day shown by the clerk's endorsement.

2. *When money in hands of clerk is not subject to garnishment.*—The defendant in attachment having obtained a judgment in detinue against the sheriff, for property which was exempt from levy and sale under execution; and the sheriff having thereupon paid the assessed value of the property to the clerk of the court,—the money in the hands of the clerk cannot be subjected by garnishment at the suit of the defendant's creditors.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. NAT. COOK.

THE record in this case shows the following facts: On the 10th April, 1855, William B. Head obtained a judgment, in said circuit court, against John C. Oldham; and on the 6th March, 1856, sued out a garnishment thereon, which was served on Alexander H. Falconer, the clerk of said court. The garnishee's answer, as set out in the record, is marked in the marginal entry, "Filed in office 12th April, 1856," and is in these words: "Personally appeared in open court A. H. Falconer, who, being sworn, for answer to garnishment in favor of W. B. Head, says, that by virtue of an attachment issued against John C. Oldham, in favor of said plaintiff, certain articles of house-

hold furniture were levied on by Isaac Oliver, sheriff of Greene county, on the 4th September, 1854; that an action of detinue was brought against said sheriff, by said John C. Oldham, to whom said articles of household furniture belonged, on the ground that the same were exempt from levy and sale, under legal process; that said action was tried at the October term of this court, 1853, and resulted in the recovery of said articles or their alternate value, estimated by the jury at $39; that the sheriff paid the alternate value of said property to this garnishee, as clerk, together with the interest thereon, amounting to $40 25, which amount he now holds, and has in his possession, subject to the order of this court; that he is not indebted in any other way to said Oldham," &c. On the 12th April, 1856, the court rendered judgment against the garnishee, for $40 25, admitted to be in his hands as clerk; the judgment reciting that "the garnishee having filed his answer within the time prescribed by law, from which it appears," &c. The garnishee appeals from this judgment, and now assigns it as error.

R. F. INGE, and J. D. WEBB, for appellant.

JOHN G. PIERCE, contra.

RICE, C. J.—The judgment entry shows, that the judgment against the garnishee was rendered upon an answer which he had filed. There is nothing in the record which would make the supposition a reasonable one, that more than one answer was filed by him. The fact that the only answer filed appears from the endorsement on it to have been filed on the 5th day of the term, is explained by the fact, that the answer was made "in open court," in the first instance, and afterwards written out. The date of the filing endorsed on the answer refers to the actual filing of the writing; whilst the judgment entry, in speaking of the answer as filed "within the time prescribed by law," refers to the time when the same answer was made "in open court." This construction makes the whole record consistent with itself; and adopting that construction, we must regard the answer in the record as

the answer on which the judgment was rendered, and as part of the record.—Easton v. Lowery, 29 Ala. R. 454; Lewis v. Dubose, *ib.* 219.

If the answer does not admit an indebtedness of the garnishee to the judgment debtor, the judgment against the garnishee cannot be sustained.—Code, § 2541; Price v. Thomason, 11 Ala. R. 875. There is no direct admission in it of such indebtedness; and the question is, whether, from the facts stated in it, the conclusion of law is that such indebtedness existed. To that question we are compelled to respond in the negative. If we were to decide otherwise, we should give to the plaintiff in the garnishment the mastery over the exemption law, and arm him with an *election* which the law has secured to the successful plaintiff in the action of detinue. To make this last clause more intelligible, it is necessary to call attention to the facts stated in the answer, and to section 2197 of the Code, which provides, that "any party recovering specific property, *may compel its restoration*, when practicable, by a writ of *distringas*, or by moving for an attachment." The answers shows, that the money, which it was the object of the garnishment to reach, was the assessed value of *specific property recovered by the judgment debtor, Oldham*, in an action of detinue against the sheriff, who had levied on them under an attachment in favor of the present plaintiff, Head; they being exempt under our statute from levy and sale under legal process. The exemption was allowed by the statute, not for the use of Oldham, but for "the use" of his family.—Code, § 2462. Oldham, as the head of the family, was the proper party to bring the action of detinue; but the recovery inures to the use of his family. He, as the successful plaintiff in the action of detinue, was not bound to accept the *assessed value* of the property recovered. Section 2197 of the Code secured to him the right *to* "*compel the restoration*" of the property itself, if practicable. In defiance of this right of Oldham, the sheriff, the defendant in the detinue suit, voluntarily paid to the garnishee, as clerk of the court, the assessed value of the property. It does not appear that Oldham *accepted* or *agreed to accept the assessed value*,

thus paid to the clerk; nor that in any manner he *elected* to take the value, and waive his right to *a restoration of the property itself*. His mere passiveness could not amount to an election or a waiver. To destroy his right to elect, or to constitute a waiver of his right, it was essential that *he should act*—should *do something* indicating at least his willingness and purpose to take the value rather than the property.—Blann v. Crocheron, 20 Ala. R. 320. Until *he* did something of that kind, the money in the hands of the sheriff could not be reached, *as his money*, by a garnishment sued out by his creditor. For, even if Oldham could have elected to treat the money as his own, and could thereupon have sued for and recovered it from the clerk, his creditor cannot make the election for him, and cannot recover the money from the clerk by garnishment. Lewis v. Dubose, *supra*.

The answer does not in any manner show an indebtedness of the garnishee to the judgment debtor of the plaintiff. The court below erred in not discharging the garnishee. Its judgment is reversed, and a judgment must be here rendered discharging the garnishee; and the plaintiff in the garnishment must pay the costs of this court, and of the court below.