# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## DECEMBER TERM, 1878.

## *Ex parte* Hunt & Tally.

### *Application for Mandamus.*

1. *Set-off; what not subject of.*—When exempt property claimed as such, is sold under execution against the owner, who thereon obtains judgment against the sheriff, and those indemnifying him for a conversion, the defendants cannot set-off against it, under the provisions of section 2993 of the Code, a judgment in their favor in the same court, against the owner of such exempt property ; for if this were allowed, a creditor without right to subject such exempt property could do so in fact, and devote the proceeds of the sale to the payment of the debt, overruling the constitution and statutes, and escaping liability therefor, by the machinery of a set-off.

Motion for a *mandamus* to the Circuit Court of Jackson county upon facts set out in the opinion.

CLOPTON, HERBERT & CHAMBERS, for motion.

BRICKELL, C. J.—The facts as disclosed by the application for *mandamus*, and the accompanying record, are, that Wiley Cotton recovered in an action of trover against the appellants and one McMahan, sheriff of the county of Jackson, a judgment for one hundred and six dollars, for the conversion of a lot of plank. The conversion consisted in the levy and sale of the plank under execution against Cotton, he claiming the plank as exempt, and the applicants having indemnified the sheriff to make the levy and sale. After the rendition of the judgment, the appellants moved to set-off against it to the extent of the damages (exclusive of costs), a prior judgment rendered in the same court in favor of Pique, Monier & Co., against Cotton, which had been assigned to them before the commencement of the action of

trover. The motion was refused, and the present application is for a *mandamus* compelling the court to allow the set-off.

The statute authorizes the court in which judgments are rendered on motion to set-off the one against the other (Code of 1876, § 2993); and *mandamus* is the remedy which has usually been pursued to compel the court to allow the set-off when refused. The controlling question is, whether the judgment for the conversion of chattels, (the judgment itself conclusively ascertains, were exempt from satisfaction of debts,) is subject to set-off, and thus made to pay debts. The principle which must govern in deciding the question, was settled in *Falconer v. Head*, 31 Ala. 513. The statute then of force exempted from levy and sale for the payment of debts, enumerated articles of personal property. Some of these having been levied on by attachment, the debtor sued the officer making the levy in detinue for their recovery, and obtained judgment against him for the restoration of the property, or the payment of its value as assessed by the jury. The assessed value was paid by the defendant to the clerk of the court, and the creditor sought to reach the money by garnishment. The statute secures to a successful plaintiff in detinue, the right of compelling the restoration of the property by *distringas*, or by attachment. This court said in deciding that the garnishment could not be maintained: "If we were to decide otherwise, we should give to the plaintiff in the garnishment the mastery over the exemption law, and arm him with an *election* which the law has secured to the successful plaintiff in the action of detinue." It is obvious if the set-off were allowed, the appellants would, by indirection, gain the mastery over the constitution and the statutes which freed the property converted from liability for the payment of debts; for by regular process of law operating directly on the property, the petitioners for making levy and sale of it, have been adjudged tortfeasors, and rendered liable to pay its value. Of what avail is the judgment, or the exemption to the debtor, if so soon as the judgment is obtained, it may be extinguished by .the machinery of a set-off? He is deprived of the property, and of his constitutional and statutory rights, and the creditor it may be, who set these at defiance, profits by his wrong. The judgment for the value of the property, so far partakes of the character of the property, as to connect itself with the right of exemption which was attached to the property.—Thompson on Homesteads, §§ 748, 892, 893. The Circuit Court did not err in disallowing the set-off.

The application for *mandamus* is refused.