# Giddens *v.* Williamson.

*Garnishment on Judgment* ; *Claim of Exemption.*

1. *Assignment of judgment to surety; garnishment thereon, and claim of exemption.*—When a surety pays a judgment rendered against him and his principal, and takes an assignment of it to himself (Code, § 3418), he may assert, either at law or in equity, any lien or right which might have been asserted by the plaintiff; and may, therefore, sue out a garnishment on the judgment, and resist a claim of exemption which was not available against the plaintiff.

2. *Exemption as against debts contracted prior to 1868.*—As against debts contracted prior to the adoption of the constitution of 1868, there was no

exemption law in force between the 23d April, 1873, when the former laws were repealed, and the 9th February, 1877, when they were revived and re-enacted as to such debts.

3. *What law governs exemption.*—The extent and *quantum* of an exemption, whether of real or personal property, must be determined by the law which was of force when the debt was contracted,. and not by that which is in force when the exemption is claimed.

4. *Homestead; exemption of proceeds of sale.*—When a debtor voluntarily . sells his exempt homestead, the right of exemption is thereby waived and destroyed, and does not follow and adhere to the purchase-money ; but the rule may be different, when the sale is involuntary, or by compulsion under legal process.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

· This was a garnishment on a judgment, sued out by James T. Giddens, the assignee of the plaintiff therein, against C. P. Rogers, as the debtor of Thomas P. Williamson, the principal defendant in the judgment; and the garnishee having answered, admitting an indebtedness, a claim of exemption was thereupon interposed by the defendant, and contested by the plaintiff. On the trial of the motion, which was submitted to the court for decision, by consent of parties, the following facts were proved, as shown by the bill of exceptions : On the 2d November, 1871, Mrs. Susan Bruce recovered a judgment in the Circuit Court of Lowndes, against said Thomas P. Williamson, James T. Giddens, and A. Giddens, for $833, besides costs. The judgment was founded on a note, which was dated the 10th February, 1866, and which was signed by said James T. Giddens as the surety of Williamson, and at his request. The judgment was paid by said Giddens, some time during the year 1874, but at what particular time is not shown ; and it was transferred to him by the plaintiff, on the same day, " under the statute of Alabama." The garnishment was sued out by said Giddens, on the 27th December, 1875, and was served on said Rogers, as garnishee, on the same day. The garnishee's answer, which was filed and sworn to on the 4th May, 1876, stated, " that he was indebted to said Williamson in the sum of $200, due the 1st November next, for which said Williamson held his note, dated about the 6th January, 1876, and due the 1st November next." In his affidavit and claim of exemption, which was made and filed on the 4th May, 1876, Williamson stated " that said indebtedness was created by the sale of affiant's homestead ; that said homestead was not of the value of $2,000, and was exempt from levy and sale under execution " ; that he was, at the time of making the affidavit, and also at the time of the sale, a resident citizen of said county, and was the head of a family, and did not own more than $1,000 worth of personal prop-

erty ; and he claimed the debt as exempt, because it was the proceeds of sale of his homestead, and also under the law exempting personal property to the amount of $1,000. The facts stated in the affidavit and claim, it is recited, " were admitted to be true ; and on the foregoing facts, being all the facts in the case, the court rendered judgment in favor of said Williamson, for the exemption claimed, and against said Giddens for the costs ; to which ruling and judgment said Giddens excepted," and he here assigns it as error.

CLEMENTS & ENOCHS, and WATTS & SONS, for appellant.

R. M. WILLIAMSON, and GIRARD COOK, contra.

SOMERVILLE, J.—The transfer in writing of the judgment, by the plaintiff therein, Susan Bruce, to Giddens, who was a defendant in the judgment, and surety for the principal debtor, Williamson, was authorized by section 3418 of the Code of 1876. By virtue of this assignment, the assignee was entitled to assert, in law or equity, any lien or right against Williamson, which the plaintiff could assert.

The judgment debt was created in 1866 ; the garnishment was sued out in December, 1875, and was served on the garnishee, Rogers, on the same day. The affidavit of exemption was made May 4, 1876, claiming, on the appellee, Williamson's part, the money then in the hands of the garnishee. It has been repeatedly held by this court, that the act of April 23d, 1873, repealed all previous exemption laws, as to debts contracted prior to the constitution of 1868 ; and the result was, there was no law of force in May, 1876, which allowed any exemptions, as to any debt contracted prior to the adoption of the constitution of 1868. These laws were not revived, until the act of February 9th, 1877, section 27 of which was embodied in section 2844 of the Code.—*Lovelace v. Webb*, 62 Ala. 271 ; *Carlisle & Jones v. Godwin*, at the present term. Furthermore, the extent and *quantum* of the exemption, whether of real or personal property, being a claim adverse to a creditor, should have been determined by the law which was in force at the time the debt was contracted, against which the right is claimed, and not by that which was in force when the right was asserted.—*Blum v. Carter*, 63 Ala. 235 ; Code (1876), § 2844.

Even though the real estate, sold by appellee to Rogers, may have been his homestead, and, as such, exempted from subjection to legal process,—a question which need not here be decided,—when it was sold, and converted into money, by the voluntary act of the owner, and not by legal compulsion,

[Sims v. Waters.]

the proceeds, or purchase-money, was not necessarily exempt. .The homestead exemption was thereby waived and gone, and did not follow the money. As was said in *Scott v. Brigham*, 27 Vt. 561 : " Though a man's last cow is not subject to attachment, yet, if he sells it on credit, the vendee may be *trusted* "—*i. e.*, by garnishment.—*Andrews v. Rowan*, 28 How. Pr. 128 ; *Wygant v. Smith*, 2 Lans. 185 ; *Friedlander v. Mahoney*, 31 Iowa, 315 ; Thompson on Homestead & Ex., §§ 745–46. It may be otherwise, however, where the sale or conversion is involuntary, or by compulsion under legal process.—Thompson on Homestead & Ex., § 748 ; *Ex parte Hunt v. Tally*, 62 Ala. 1 ; *Falconer v. Head*, 31 Ala. 513.

The judgment is reversed, and the cause remanded.