## McNeal Pipe & Foundry Co. *v.* Bullock *et al.*

### (*Circuit Court, S. D. Alabama.* April 29, 1889.)

**1. Mechanics' Liens—Property Subject to—City Water-Works.**

Code Ala. 1876, § 3440, giving mechanics or material-men doing work or furnishing material for improvements on land, under contract with the owner, etc., or with one having such a contract with the owner, a lien on the land and improvements, does not entitle one furnishing material used by contractors in constructing city water-works for a water company to a lien against the pipes, appliances, etc., of the plant, some of which are laid under the streets of the city, as such a corporation is *quasi* public, and, in the absence of an express statutory provision, property intended for public use is not liable to such a lien.

**2. Same—Enforcement—Complaint.**

A complaint seeking the enforcement of such an alleged lien, not averring that the defendant water company is the owner of the land on which the works sought to be subjected are situated, is insufficient for that reason.

**3. Same.**

Such a complaint is also defective if it fails to allege that at the time plaintiff gave the defendant water company notice of its alleged lien the latter was indebted to the contractor under the contract.

At Law. On demurrer to complaint.

Samuel R. Bullock & Co., contractors, of New York, with the Bienville Water Supply Company, of Mobile, laid down in Mobile city and county the pipes of an extensive system of water-works, bringing water from Clear creek,—11 miles distant. When completed, the pipes were, as a part of the plant, turned over to the Bienville Water Supply Company of Mobile. This company, since the fall of 1887, has been in the operation of this system, which has become the main source of water supply for the city of Mobile. The action is brought by the manufacturers of the pipe to fix a lien thereon under the mechanic's lien law of Alabama. Code 1876, § 3440, provides that any person doing work or furnishing material for the improvement of or erection of a building on land under a contract with the owner or his agent, or as a subcontractor under one having such a contract, shall have a lien on the land and improvement to the amount of his work done, etc.

*Clark & Clark,* for plaintiff.

*Hamiltons & Gaillard* and *Overall & Bestor,* for defendants.

Toulmin, J. It appears from the declaration that the Bienville Water Supply Company is a public corporation or *quasi* public corporation

of such a nature, and the property sought to be condemned to the alleged lien is of such a nature, that it should not be subject to the lien claimed by the plaintiff in his complaint, on grounds of public necessity and convenience. It appears that some of the pipes and connecting appliances which are sought to be subjected in this suit are laid along or under the public roads of the county and the public streets of the city of Mobile, or placed thereon. In the absence of an express statutory provision authorizing it, a mechanic's lien cannot be enforced against property such as buildings, machinery, etc., designed for public use, and which are erected or placed upon land belonging to a municipal corporation. And considerations founded on grounds of public policy forbid that the law providing for liens of mechanics and material-men should be held to apply to buildings, machinery, pipes, and the like, constituting a part of the water-works erected for the purpose of supplying water to a municipal corporation and to its citizens, whether erected on lands of the municipality or not. See Phil. Mech. Liens, § 180; *Foster* v. *Fowler*, 60 Pa. St. 27; *Leonard* v. *City of Brooklyn*, 71 N. Y. 498; *Wilkinson* v. *Hoffman*, 25 Fed. Rep. 175, and authorities cited in note on page 175. I am therefore constrained to hold that the provisions of the mechanic's lien law of this state do not apply in this case.

There are various other grounds of demurrer to the declaration assigned, and, among them, that the complaint and summons, with the indorsements thereon, show that the suit was not commenced within the time prescribed by law in such cases, and that the lien claimed has been lost, even if it could otherwise have been maintained. I am inclined to think that this point should be raised by plea. I therefore express no opinion on it as now presented. There are several other grounds of demurrer that I consider well taken, viz., that the complaint fails to show that the Bienville Water Supply Company is or was the owner or proprietor of the lands described therein against which a lien is sought to be enforced, or of any lands in Mobile county on which the buildings and improvements sought to be subjected to a lien are situated; that it fails to aver that there is, or was at the time the plaintiff gave notice to the Bienville Water Supply Company of the said alleged lien, any unpaid balance due by said Bienville Water Supply Company to the defendant S. R. Bullock & Co.; and that it seeks to fasten a lien on certain personal property disconnected with any lands or buildings or improvements on land. The complaint, however, could be amended to meet these objections, if an amendment would avail the plaintiff anything. There are other grounds of demurrer that I do not think are well taken; but it is unnecessary for me to notice them, particularly in view of my ruling on the demurrers already specifically mentioned. It is considered by the court that the demurrers to the complaint, so far as it claims a mechanics' or material-men's lien on the property of the Bienville Water Supply Company, be and the same are hereby sustained. I enter a judgment sustaining the demurrers generally, inasmuch as the ruling on the ground of demurrer first noticed is fatal to the plaintiff's lien claim set up in his declaration.