# Murphree v. City of Mobile.

*Bill in Equity to enjoin Sale under Execution.*

1. *Municipal property; exemption from levy and sale.*—Where land owned by a city and claimed by it to be exempt from levy and sale under execution (Code, § 2514), because used for burial purposes, has been owned by it for over twenty-five years, and during all that time

[Murphree v. City of Mobile.]

nobody has been buried therein, nor has the land been dedicated, or appropriated for cemetery purposes, such land is not exempt.

2. *Same; same.*—Where land owned by a city has been used for municipal purposes for a great number of years, the fact that for a short time during such continuous use the city did not have occasion to use all of said property, or that there was a temporary use of it for private purposes, does not change the character of the use to which the property was applied, and said land does not thereby loose its exemption from levy and sale under execution, as provided by section 2514 of the Code of 1886.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. W. H. TAYLOE.
The facts of the case are sufficiently stated in the opinion.

THOS. H. SMITH and GREGORY L. & H. T. SMITH, for appellant.—There was no dedication of the land involved in this controversy. To constitute a valid and complete dedication there must be an intention of the owner to dedicate, and an acceptance by the public of the dedication.—Dillon on Municipal Corporations, § 499; *San Francisco v. Canavan*, 42 Cal. 541; *Fisk v. Havana*, 88 Ill. 208; *Fairfield v. Morey*, 44 Vt. 239; *Mansur v. State*, 60 Ind. 357; *Morgan v. Railroad Co.*, 96 U. S. 716; *Pierpoint v. Harrisville*, 9 W. Va. 215; *Niagara Falls Sus. Bridge Co. v. Bachman*, 66 N. Y. 261; *Cook v. Harris*, 61 N. Y. 448; *Columbus v. Dahn*, 36 Ind. 330; *Evans v. Sav. & West. Railway Co.*, 90 Ala. 59; *Demopolis v. Webb*, 87 Ala. 663; *Sherer v. Jasper*, 93 Ala. 530.

2. A piece of land may be dedicated to public use, and yet the public convenience may not require the whole of it. A part may be appropriated, and the residue may, by common consent, be relinquished.—*State v. Trask*, 27 Amer. Dec. 559.

3. The only contention that this property can ever become useful for municipal purposes consists in the suggestion that it might possibly be used as an annex to Magnolia Cemetery at some future date. The evidence in the cause shows beyond dispute (what the court probably or judicially knows) that the city limits of Mobile run along Virginia street, which divides the property levied upon from the Magnolia Cemetery, as appears from said diagram. While it is conceded that a municipal corporation may own property beyond its own limits,

such property can only be held as private property, and not as public property. In other words, a corporation may own such property in its private and individual capacity subject to the right of its creditors, but it can not go beyond its own limits to exercise its municipal functions and to use and treat its property for municipal purposes.—*Thompson v. Moran*, 44 Mich. 602; *Denton v. Jackson*, 2 Johnson's Ch. 320; *N. Hempstead v. Hempstead*, 2 Wend. (N. Y.) 131; *Riley v. Rochester*, 9 N. Y. (5 Seld.) 64; *Chambers v. St. Louis*, 29 Mo. 543; *Bullock v. Curry*, 2 Met. (Ky.) 171; *Concord v. Boscawen*, 17 N. H. 465; *Houghton v. Huron Mining Co.*, 57 Mich. 547; 15 Amer. Eng. & Encyc. of Law, 1060.

P. J. HAMILTON, *contra.*—A city should provide for the needs of its future growth.—*French v. Quincy*, 20 Amer. & Eng. Corp. Cases, 183. A city can, unless forbidden by legislation, own and regulate such property as cemeteries (or parks) outside the corporate limits. The two conditions are, that the lands be for city use, and be near enough to be readily accessible.—*In re Mayor &c. of N. Y.*, 99 N. Y. 569; Dillon on Munic. Corp., §§ 446, 565.

2. The city established all these lands as a cemetery when it bought them in 1867 for that purpose.—*Richmond v. Supervisors*, 18 Amer. & Eng. Corp. Cases, 520. Under the evidence, the property involved in this case was long used for public purposes, and once so used will be held for such use again, despite temporary non-user.—*Curry v. Savannah*, 37 Amer. Rep. 74.

COLEMAN, J.—The appellant, Murphree, having recovered a judgment against the city of Mobile, caused certain parcels of real estate to be levied upon and advertised for sale under execution. The city of Mobile filed the present bill, in which it is averred that the property levied upon and advertised for sale was acquired, held and used for public and municipal purposes, and was necessary for such use and purposes, and not liable to levy and sale to satisfy the debts of the city. The bill prayed that the sale be enjoined, and on final hearing, relief was granted, and the plaintiff in execution perpetually enjoined from selling the property. From this decree comes the present appeal.

The statute, (Code, § 2514), provides: "All property, real or personal, belonging to the several counties or municipal corporations in this State, and used for county or municipal purposes, shall be exempt from levy and sale under any process, judgment or decree whatsoever." A part of the land levied upon is claimed by the city to be exempt, upon the ground that it is included in the cemetery of the city, and used for burial purposes. This averment is denied by the respondent, and the issue is simply one of fact. The complainant has wholly failed to make good this averment. We infer from the contract for fencing the cemetery made between the city and one Harrison in the year 1863, that at that time the city had acquired or claimed some interest in what seems to have constituted the Brown tract. Certainly the cemetery enclosed at that time embraced a part of this tract, an undivided three-fourths interest in which belonged to one H. O. Brewer and Isaac Bell, Jr., and a small fractional interest to Wiswall. In the winter of 1866-7, the city took steps to purchase from Brewer and Bell their three-fourths interest in the land described as "adjoining and forming a portion of Magnolia Cemetery." According to the evidence, Brewer and Bell owned a three-fourths interest of that part of the Brown tract enclosed as Magnolia Cemetery, and the remainder was outside the enclosure, but adjoining, so that the land contracted for from Brewer and Bell in fact formed a part of Magnolia Cemetery as enclosed by Harrison, and the remainder adjoined the cemetery. The contract of purchase from Brewer and Bell was concluded by the delivery of the deeds and payment of the purchase money some time during the year 1867. About this time, or shortly afterwards, the city employed Mr. Pillans to make a map of the city which when completed was paid for, and accepted as a correct map, by the city. The cemetery and burial places of the city are clearly marked on this map. The map made many years later by Nicol for the city, shows that Magnolia Cemetery is bounded on the South by Virginia Street.

Section 42 of the Municipal Code, adopted in 1866 reads as follows:

"Sec. 42. Be it ordained, that the three lots of land lying in the city of Mobile and now used as burial places, be and are hereby established as public burying grounds."

[Murphree v. City of Mobile.]

Section 243 of the present City Code of ordinances: "Be it ordained by the Mayor and General Council of the city of Mobile, that the three lots of land lying in the city of Mobile and now used as burial places, be and are hereby established as public burying grounds."

These lots are clearly shown on the map of the city. By many ordinances the city has provided for the care and management of its cemetery and pauper burial grounds. It would seem that if anything has been or could. be officially settled by the city, its cemetery and burial grounds have been designated and established. In all of its ordinances and regulations, there is not a line or word which indicates in any manner a dedication or appropriation or recognition that the parcel of land levied upon was being used or intended to be used for burial or municipal purposes. In addition to this, the legal evidence shows that notwithstanding the city has owned this property, now claimed as burial ground, for more than twenty-five years, not a single body has ever been buried within its limits, nor had it been spoken of, nor recognized by the city or by any body as a place of burial, nor as a part of the cemetery of Mobile, until after the levy of execution. Under this state of facts, we deem it unnecessary to consider the conflicting testimony as to the suitableness of the ground for burial purposes, or how many years it may be before the necessities of the city will require the establishment of another cemetery or enlarge the present. The question is whether, under the statute, the property was exempt at the time of the levy of the execution. We think under section 2514 of the Code, *supra*, and the following authorities, according to the evidence it was clearly not so exempt.—*Mayor &c. v. Rumsey & Co.*, 63 Ala. 352; *Smith v. Inge*, 80 Ala. 283; *Sherer v. City of Jasper*, 93 Ala. 530.

We do not deem it necessary to consider in detail the evidence applying to the property situated on the southeast corner of Conti and Emanuel Streets. This property has been in use with scarcely an interruption by the city solely for municipal purposes as far back as can be well remembered. The fact that for a brief time, the city may not have had occasion to use all of it, does not in any manner affect its character, nor will the fact that the city for a short time, when not needed for municipal purposes, permitted a part of it to be used, temporarily,

for private purposes at a small rental, change its character. The evidence satisfactorily shows that the city has not abandoned its use for municipal purposes permanently, and could not well do so, without inconvenience, and constant interruption of its municipal government.

So far as the decree of the chancery court granted relief, and perpetually enjoined the sale of the property on Conti and Emanuel Streets, the decree is affirmed. As to the other property, levied upon, bounded on the North by Virginia Street, on the South by Tennessee Street, on the East by the West boundary of the Choctaw Point tract, on the West by Ann Street, and the small fraction or parcel south of Virginia Street, and next to and west of Ann Street, claimed to be included in the cemetery of Mobile, and which is more particularly described in the levy of the execution, the decree of the chancery court is reversed and a decree will be here rendered dissolving the injunction and dismissing complainant's bill as to this property.

Affirmed in part, reversed and rendered in part.