# Ellis v. Pratt City.

*Garnishment Suit; Contest of Exemptions thereunder.*

1.  *Exemption of municipal property  from  levy  and sale;  insurance money thereon also exempt.*—Upon the  destruction by  fire of a public hall and market house of a municipal corporation, which was used for municipal purposes, and, therefore, under the  statute  (Code, §  2514), exempt from levy and sale,the fund arising from a policy of insurance on said building, which was insured by the municipality,partakes of the character of the property destroyed, and is itself exempt from levy and sale under any process, judgment or decree.

2.  *Same; the re-erection of the building with other  money  does not destroy exemption.*—In such case, the mere fact that the  building destroyed has been rebuilt by the municipality without  the use of  any part of the insurance money, which had not been  collected, does  not show that the municipality waived or lost its  claim  of  exemption to such fund, nor subject the same to levy and sale.

3.  *Same; contest of exemption:  practice.*—The  rules governing the contest of exemptions  have  no application to the  contest of a municipality's claim to certain property used for municipal purposes, as exempt from levy and sale under the statute  (Code, §  2514);  and in such a contest, the burden is upon plaintiff or  contestant to show that the property sought to be comdemned is not of the  character of the property exempt from levy and sale.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

On the 17th day of May, 1894, Susan Ellis, the appellant, recovered of appellee, Pratt City, a judgment for $1,000 damages and $94.60 costs in an action of tort in the city court of Birmingham.  On the 21st day of May, 1895, a garnishment on said judgment was duly sued out, and on the 22d day of May, 1895, said garnishment was served on the Southern Insurance Company, one of the garnishees.  On the 20th day of June, 1895, said garnishee filed its written answer, and being re-

quired to answer orally, did answer orally admitting an indebtedness to defendant, Pratt City, in the sum of one thousand dollars, due and payable sixty days after 18th day of June, 1895. The answer of the garnishee set forth that the indebtedness was under a policy of insurance on the Public Hall and Market House; that defendant claims that said money is exempt from garnishment under the law, because it is insurance money on public buildings, and the said answer asked the court to direct the payment of said money. Defendant filed in court its claim of exemptions. The plaintiff contested this claim of exemptions, and upon the contest it was shown by the undisputed evidence that the buildings which had been burned were used for municipal purposes. The other facts of the case are sufficiently stated in the opinion.

The court overruled the motion of the plaintiff for a judgment against the garnishee, and rendered judgment discharging the garnishee. From this judgment the plaintiff appeals, and assigns the same as error.

BOWMAN & HARSH, for appellant.—The proceeds of the insurance policy were a fund resulting from the private business contract between the insurance company and the city, and is not exempt, though the city property itself was exempt.—Code of 1886, § 2514; *Holladay v. Frisbie*, 15 Cal. 630; *Davenport v. Ins. Co.*, 17 Iowa 276; *Louisville v. Com.*, 1 Duvall (Ky.) 295; *Brown v. Gates*, 15 W. Va. 131; *Smoot v. Hart*, 33 Ala. 69; *Wooster v. Page*, 54 N. H. 125; *Smith v. Ratcliff*, 66 Miss. 685.

HOUGHTON & COLLIER and J. B. AIRD, *contra*—The proceeds of a policy of insurance on property which is exempt by statute from levy and sale under process for the collection of this debt are also exempt.—*Fleishel v. Hightower*, 62 Ga. 324; *Tillottson v. Wolcott*, 48 N. Y. 188; *Chipman v. Carroll*, 25 L. R. A. 305; *Crawford v. Carroll*, 26 L. R. A. 415; Thompson on Homesteads, § 750; *Houghton v. Lee*, 50 Cal. 101; *Reynolds v. Hanes*, 13 L. R. A. 719.

HARALSON, J.—1. Section 2514 of the Code provides, that "All property, real or personal, belonging to the several counties or municipal corporations of this

[Ellis v. Pratt City.]

State, and used for county or municipal purposes, shall be exempt from levy and sale under any process, judgment or decree whatsoever.''

In *Mayor v. Rumsey*, 63 Ala. 352, touching the power of municipal corporations to purchase and hold property for municipal purposes, this court said : ''We do not hesitate to declare, that city property owned or used by the corporation for public purposes, such as public buildings, public markets, hospitals, cemeteries, enginehouses, fire engines and their apparatus, and other property, real or personal, of kindred utility, cannot be taken in execution for debts of the city.   But if the city owns private property, not useful or used for corporate purposes, such property may be seized and sold under final process, precisely as similar property of individuals is seized and sold.—2 Dillon Mun. Corp., § 446.'' And in a still more recent case,—*Murphree v. City of Mobile*, 104 Ala. 532,—it was held, that where land owned by a city has been used for municipal purposes for a great number of years, the fact that for a short time during such continuous use the city did not have occasion to use all of said property, or that there was a temporary use of it for private purposes at a small rental, does not change the character of the use to which the property was applied, and the land does not thereby lose its exemption from levy and sale under execution as provided by section 2514 of the Code.'' *Klein v. New Orleans*, 99 U. S. 149.

It cannot be doubted, under our holdings, that the city hall in Pratt City, under the facts disclosed, was municipal property, held and used by the city for municipal purposes, exempt from levy and sale under any judicial process, judgment or decree.

2.  It is well settled by the current of authority, that where a debtor's property, being his family homestead, burns down, being insured against loss by fire, the insurance money takes the place in the exemption statute of the property destroyed, and, like it, is also exempt and not liable to garnishment.—Thompson on Homesteads and Exemptions, § 750.   The reason of the rule is found in the fact, that the property has been exempted by law for the use of the exemptor and his family, and he may insure it to protect himself and them from loss.   It is intended by the insurance, to secure the

means, in case of loss, for the restoration of the property after its destruction by fire. Not to allow the insurance money after loss to take the place of the property destroyed, and be exempt from liability to the debts of the exemptor, would, by a mere technical evasion, pervert the object and spirit of the statutes of exemptions, always to be liberally construed in favor of the exemptor. The same rule applies to exempted personal property.—*Houghton v. Lee*, 50 Cal. 101 ; *Hall v. Fulgham*, 86 Tenn. 451 ; *White v. Fulgham*, 87 *Ib*. 281 ; *Crawford v. Carroll*, 26 Law Rep. An. (Tenn.) 415 ; *Reynolds v. Hanes*, 13 Law Rep. An. (Iowa) 719 ; *Kaiser v. Seaton*, 62 Iowa 463 ; *Stebbins v. Puler*, 29 Vt. 289 ; *Mitchell v. Millhoan*, 11 Kan. 617 ; *Cooney v. Cooney*, 65 Barb. 524 ; Smyth on Hom. & Ex., § 102 ; Waples on Hom. & Ex., 609.

A different rule has been announced in *Wooster v. Page*, 54 N. H. 125, and in *Smith v. Ratcliff*, 66 Miss. 683; but these cases are not sanctioned by the weight of authorities.

No reason can be assigned, why a municipal corporation may not insure property owned by it for municipal purposes, against destruction by fire, and that the proceeds of the policy, in case of loss, shall not stand in the place of the property destroyed, to be used by it for the restoration of the property. On principle and authority, the corporation in such a case, will stand upon the same footing as to the insurance fund as an individual exemptor under the statute, who insures his exempted property.—*Fleishel v. Hightower*, 62 Ga. 324.

3. There was no dispute as to the fact that the hall of the city was insured for $1,000, and the insurance company acknowledged its obligations to pay. When garnished, it filed its answer admitting the indebtedness, payable on and after the 18th June, 1895, and set up that defendant claimed the money as exempt from garnishment, because it was insurance money on the hall and market house of the city,—a public building. It asked the court to direct how the money should be paid.

The defendant as claimant, propounded its claim duly verified in the court. The claim as made was, that the building which had been insured and destroyed by fire belonged to the city and had been occupied and used by it for municipal purposes, and was necessary for its use

in the administration of its government. The proofs fully sustained this claim of the city. It was also shown that in May, 1895, before this garnishment proceeding, the mayor and aldermen of the city met and adopted a resolution to rebuild said hall and market on its former site, and setting aside the funds arising from the insurance of the one destroyed, for the purpose of erecting the new one. It was also undisputed, as stated in the abstract, that at the time of the trial, ''this building had been erected by the defendant, Pratt City, in better condition than it was before the fire, and without the use of any part of the insurance money, same never having been collected, but that the city still owed something for said re-erection;'' but how much was not shown.

The plaintiff on this proof moved the court for a judgment against the garnishee for lack of a sufficient claim of exemption by claimant. The only ground for the support of this motion seems to grow out of the admitted fact, that at the time of the trial, the building that had been destroyed had been replaced by the city in a better condition than before its destruction, without the use of any part of the said insurance money.

Neither the rules for the contest of the right of exemptions between the parties claiming them and a creditor contesting such claim; nor for the contest of a fund in the hands of a garnishee, between the plaintiff seeking to subject the fund as liable to his debt, and a claimant, disclosed by the garnishee, brought in on notice to him, —as prescribed by statute in each instance,—were designed for or are applicable for the trial of an exemption of the character of the one before us. The statute, section 2514 of the Code, as we have seen, exempts absolutely from levy and sale under legal process all real and personal property used for municipal purposes.

The plaintiff has failed to show, as the burden was on her to do, any right of condemnation of said fund in the hands of the garnishee. Under the evidence in the case, and the legal principles applicable thereto, said fund was not liable to, but was exempt from, plaintiff's garnishment. The fact that the building had been re-erected by the defendant in the manner stated, without the use of any part of the insurance money, which had not been collected, did not show that defendant had waived or lost its claim of exemption thereto, nor give

plaintiff any right to judgment against the garnishee. There was no error in the judgment of the lower court discharging the garnishee and overruling the motion of plaintiff for a judgment of condemnation of said fund.— *Porter & Blair Hdw. Co. v. Perdue*, 105 Ala. 293.

Affirmed.