# Russell & Johnson *v.* Town of Oneonta.

### Ejectment.

(Decided February 1, 1917.   73 South. 986.)

**1. Mechanic's Lien; Municipal Property.**—Independent of the provisions of section 4167, Code 1907, a lien cannot be enforced on municipal property or property used for municipal purposes.

**2. Exemptions; Statutes; Construction.**—The provisions of section 4167, Code 1907, are to be liberally construed as are other exemption statutes.

**3. Municipal Corporations; Exemptions; Municipal Property.**—The burden is on the purchaser of municipal property sold under execution to show that it was not of the class exempted by the provisions of the statute.

**4. Same; Temporary Non-user.**—Where the lots were owned by the city for municipal purposes the fact that for a short time the city did not use all of it, or that it was temporarily used for private purposes, does not defeat the exemption of such property from execution.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Ejectment by Russell & Johnson against the town of Oneonta. Judgment for defendant and plaintiffs appeal. Affirmed.

RUSSELL & JOHNSON for appellant. JAMES KAY and J. B. SLOAN for appellee.

THOMAS, J.—This is an action of ejectment, brought by the appellants against the town of Oneonta, for a lot alleged to have been purchased at execution sale.

The statute declares that all property, real and personal, belonging to the several counties or municipal corporations in the state, "and used for county or municipal purposes, shall be exempt from levy and sale under any process, judgment, or decree whatsoever."—Code 1907, § 4167.

By the act of March 20, 1875 (Acts, p. 178), county property used for "county purposes" was exempted from levy and sale under any execution.   This act was codified as section 2845 of the Code of 1876, and as section 2514 of the Code of 1886, and made to apply to such property of municipal corporations as was used for "municipal purposes."   This statute has been construed by our court.   In *Scruggs & Echols v. City of Decatur*, 155 Ala.

[Russell & Johnson v. Town of Oneonta.]

616, 46 South. 989, it was sought by bill in equity against the mayor and council of that city to enforce "a mechanic's lien upon a public school or upon a fund" set apart by the city for the purpose of constructing such a building; and it was held that since the bill showed that the building in question "was constructed for, and under the authority of the city, to be used for public school purposes," no lien could be enforced upon the same.—*Loring v. Small*, 50 Iowa, 271, 32 Am. Rep. 136; *Pittsburgh Laboratory v. Milwaukee Co.*, 110 Wis. 633, 86 N. W. 502, 84 Am. St. Rep. 948.

(1) Independently of the statute (Code, § 4167), a lien cannot be enforced upon property used for municipal purposes.—*Birmingham v. Rumsey*, 63 Ala. 352; *McNeal Pipe Co. v. Bullock*, (C. C.) 38 Fed. 565.

In the *Scruggs & Echols Case, supra,* it was said, of the fund set apart by the city to be applied to the construction of a public school building, that: "As said fund was used for municipal purposes, it, too, is immune from the levy or enforcement of any execution or lien."—*Ellis v. Pratt*, 111 Ala. 629, 20 South. 649, 33 L. R. A. 264, 56 Am. St. Rep. 76; *Equitable Co. v. Town of Edwardsville*, 143 Ala. 182, 38 South. 1016, 111 Am. St. Rep. 34; *Porter Co. v. Perdue*, 105 Ala. 297, 16 South. 713, 53 Am. St. Rep. 124; Tiedeman on Munic. Corp. § 375.

(2) Thus, was a liberal construction placed on the county and municipal exemption statute. And liberality in the construction of exemption statutes was adopted as the rule in this state as far back as the cases of *Watson, et al. v. Simpson*, 5 Ala. 233, and *Noland v. Wickham*, 9 Ala. 169, 44 Am. Dec. 435, since which decisions it has been uniformly adhered to by this court.—*Pool v. Reid*, 15 Ala. 826; *Ross v. Hannah*, 18 Ala. 125; *Favers v. Glass*, 22 Ala. 621, 58 Am. Dec. 272; *Allman v. Gann*, 29 Ala. 240; *Webb v. Edwards*, 46 Ala. 17; *McGuire v. Van Pelt*, 55 Ala. 344, 357 et seq.; *Kennedy v. Bank*, 107 Ala. 170, 18 South. 396; 36 L. R. A. 308. See, also, on this question, 3 L. R. A. (N. S.) 694, note.

In *National Fire Proofing Co. v. Huntington*, 81 Conn. 632, 71 Atl. 911, 20 L. R. A. (N. S.) 261, 129 Am. St. Rep. 228, it was declared that a statute providing for a mechanic's lien on any building does not include "a building belonging to the public, such as a schoolhouse." The *Scruggs & Echols Case*, with many other authorities, was cited as supporting this view.

[Russell & Johnson v. Town of Oneonta.]

(3) In *Ellis v. Pratt City, supra,* 111 Ala. 633, 20 South. 651, 33 L. R. A. 264, 56 Am. St. Rep. 76, it was declared that contest of exemption claims was not required under section 4167; it being pointed out that the very terms of this statute "exempts absolutely from levy and sale under legal process all real and personal property used for municipal purposes." This cast on the plaintiff in execution the burden to show that the property sought to be subjected to sale is not of the class exempted by the statute. This rule was applied in the *Scruggs & Echols Case,* and in the many cases collected in *Emery County v. Burresen,* 37 L. R. A. 732, note; Id., 14 Utah, 328, 47 Pac. 91, 60 Am. St. Rep. 898; *Addyston Pipe & Steel Co. v. Chicago,* 44 L. R. A. 405, note; Id., 170 Ill. 580, 48 N. S. 967. The many general authorities are collected in notes to *Wylie v. Grundysen,* 19 L. R. A. 33, and are to the effect that property obtained by exchange of exempted property takes its position as exempt property, according to the law in force at the time of the exchange. Likewise, exemption has been allowed in the proceeds of property fraudulently conveyed (*Hamner v. Freeman,* 181 Ala. 109, 61 South. 106; *Yates v. Adams,* 119 Ala. 243, 24 South. 547, 72 Am. St. Rep. 910; *Kennedy v. Bank,* 107 Ala. 170, 18 South. 396, 36 L. R. A. 308); in the purchase money where the sale was involuntary (*Ex parte Hunt,* 62 Ala. 1; *Falconer v. Head,* 31 Ala. 513; *Giddens v. Williamson,* 65 Ala. 439; *Kennedy v. Bank, supra*); in the insurance on the exempt property after its destruction by fire (*Ellis v. Pratt City, supra*); and also in the proceeds of the sale of governmental properties (*Murphree v. City of Mobile,* 108 Ala. 663, 18 South. 740).

The case of *Pool v. Reid, supra,* only declared that, if the defendant in execution sells or exchanges property specifically exempt to him under a statute exempting " 'one work horse, mule or pair of oxen, one horse or ox cart, etc.,' * * * for the use of every family," execution may be levied on and sale had of the property "received as an equivalent, if it can be reached, and does not belong to the same category." It is not in conflict with the above cases.

In *Murphree v. City of Mobile,* 108 Ala. 663, 18 South. 740, the effect of the decision was that municipal funds realized for municipal purposes are not subject to garnishment at the instance of a municipal creditor, but that funds arising otherwise by the sale of property of the city held by it as private property,

[Thompson v. Bank of Tuskegee, et al.]

and not for governmental use, are subject to garnishment, as the property itself would have been subject to an execution against the city.

(4) Touching abandonment, this court has held that, where lands are owned by a city for municipal purposes, the fact that for some short period the city did not have occasion to use all thereof, or that there was a temporary use of same for private purposes, does not change the character of the governmental use to which the property was applied; that such property does not thereby lose its exemption from levy and sale under execution.— *Murphree v. City of Mobile,* 104 Ala. 532, 16 South. 544.

A detailed discussion of the evidence is unnecessary. It has been carefully examined, and it shows that the lands in question were clearly exempt to the municipality of Oneonta, and that the right was not lost by a temporary nonuser of the same for the governmental purpose indicated.

It results from the foregoing authority that there is no reversible error in the record, and that the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.