ALBANY, Feb. 1825.

The People v. Herkimer.

---

THE PEOPLE *against* HERKIMER, Gentleman, one, &c.

ASSUMPSIT. The declaration was, that on the 1st June, 1822, the defendant was indebted to the plaintiffs in $200, former sovereign of this state. They are not, therefore, bound by general words in a statute restrictive of prerogative, without being expressly named. *E. g.* The insolvent laws.
The courts will take judicial notice of public statutes.

The people have succeeded to the rights of the king, the

ALBANY,         as well for work, labor and services, before that time, done
Feb. 1825.      and performed by the clerks of this Court, for the defendant,
The People      at his special instance and request, as for divers materials
v.              and other necessary things used in and about that work,
Herkimer.       before that time found and provided by the plaintiffs, at
the like special instance and request; and being so indebt-
ed, &c. promised, &c.

*Plea*, that after the promises, &c. to wit, on the 11th De-
cember, 1818, in the town of Danube, in the county of
Herkimer, the defendant became insolvent, &c. and in con-
junction with so many of his creditors, whose just debts
amounted in value to at least one-third of all the moneys
owing by him, presented their petition to Nathan Smith,
Esq. first Judge, &c. praying that the defendant might be
discharged, &c. agreeably to the provisions of the act for
giving relief in cases of insolvency, &c. (going on and set-
ting forth a regular assignment and discharge on the 20th
day of March, 1819, pursuant to that act;) that the pro-
mises, &c. were made before that time, &c.

General demurrer and joinder.

*Talcott*, (Attorney General) in support of the demurrer.
The questions are,

1. Is a debt due to the People affected by a discharge
under the insolvent act?

2. If it is, then is this discharge properly pleaded in bar
of the action, without averring that the debt accrued after
the passing of the act?

*On the first question :* The People are not expressly in-
cluded in the general provisions of the act, and nothing
shall be taken against them by implication. Where the
(a) People   People are not named they are not bound.(a)   The general
v. Gilbert, 18
John. 229.   rule of the common law is, that acts made for the advance-
ment of the public good, of religion and justice, bind the
King, though not named in them. Of other acts he may
take advantage, if he pleases; but he cannot be divested of
any right, power or interest, unless the statute is made by
(b) 11 Co. 68.  express words to extend to him.(b)
5 Co. 14. 7 Co.
32.                 This doctrine has been applied to the bankrupt law, which
contains words as general as our insolvent law ; and it is

holden that the King is not bound by it, and his debt not discharged by it; though an assignment by the commissioners of the bankrupt's property saves it from a subsequent execution on behalf of the King, because it transfers the title from the debtor to another person.(c)

But even if the discharge does affect the debt of the People, the defendant could not plead it *in bar of the action*, without averring that the promises were made after *the passing of the act.*

This Court, as well as the Supreme Court of the United States, have held a discharge no bar to a suit on contracts made before the act. The *time*, therefore, is material to support the defendant's plea, and he should have alleged that the promises were made before the enactment of the statute; instead of which he only avers in the beginning of his plea, that they were made *before* the 11th of December, 1818 ; and in the concluding part, that they were made *before* the 20th of March, 1819. The defendant cannot help himself by referring to the day laid in the declaration; for, in declaring on implied contracts, the time is wholly immaterial; the plaintiff may lay what day he pleases, and the day stated in the declaration can never be insisted on as binding on him. If the defendant wishes to make the time material, it must be done by his plea.

Without averring that the promises were made after the passing of the act, the discharge can only be pleaded *in bar of execution against the person*, as in England, under the insolvent acts of that country.(d)

*O. G. Otis*, contra. An assignment of all the defendant's property was made in trust for the benefit of *all* his creditors, of whom the People were a part. It is to be intended that the people took the benefit of the dividend, like every other creditor. The discharge may therefore be presumed beneficial to them; and if beneficial, then they are bound, although not named in the statute.(e)

The Court must see, from the date of the statute giving clerk's fees to the People, compared with the date of the

*Margin notes:*

ALBANY,
Feb. 1825.

The People
v.
Herkimer.

(c) *Audley* v. *Halsey*, Sir Wm. Jones, 202. *Rex* v. *Pixley*, Bunb. 202. *Anon.*, 1 Atkyns, 262. Cooke's Bankrupt Laws, ch. 8, s. 13.

(d) Vide precedents, 2 Chitty, 430, 431. 2 Ld. Raym. 1262, 3. 3 Wentworth, 196-7-8-9, 200, 202. Lill. Entries, 108.

(e. Con. Rep.

insolvent act in question, that the latter preceded the promises set forth in the declaration.

The People
v.
Herkimer.

*Curia*, per SAVAGE, Ch. J. It is a maxim of the common law, that when an act of parliament is made for the public good, the advancement of religion and justice, and to prevent injury and wrong, the King shall be bound by such act, though not named; but when a statute is general, and any prerogative right, title or interest would be divested or taken from the King, in such case he shall not be bound, unless the statute is made by express words to extend to him. (11 Co. 74. Bac. Ab. *Prerogative*, (E) pl. 5.) The acts of limitation and of bankruptcy have been held, in England, not to bind the King. And the same doctrine was adopted by this Court in *The People* v. *Gilbert*, (18 John. 229,) so far as relates to the statute of limitation. The reason of that case applies to the insolvent acts, and the same rule must prevail. That the People of the state being the sovereign, have succeeded to the rights of the King, the former sovereign, is also held in the case last cited. This disposes of the demurrer in favor of the plaintiffs. Were it necessary to decide the other question, I should incline to consider the plea sufficient, on the ground that the Court are to take notice of all public acts. They, therefore, know that the law giving the clerk's fees to the people, was passed at the same session with the insolvent act. And the services must necessarily have been rendered afterwards.

Judgment for the plaintiffs.