Diblee et al. *v.* Davison.

---

HENRY E. DIBLEE *et al.*, Plaintiffs in Error, *v.* EZRA D. DAVISON, Defendant in Error.

### ERROR TO PEORIA.

Superior courts of general jurisdiction, until the contrary is shown, it is presumed are in the proper exercise thereof, and a plea to their jurisdiction must aver facts, and be certain in every particular, as to their want of it. If the facts averred might be admitted, and the court still retain jurisdiction, the plea is bad.

A plea to the jurisdiction should expressly aver sufficient to show a want of it.

If several causes of action are embraced in the different counts of a declaration, some of which are and some of which are not within the jurisdiction of the court, those which are within the jurisdiction may be tried.

THIS was a declaration in assumpsit. Two counts on note and indorsements, and common counts. Note does not show where made or where payable. Note signed by, and declaration filed against, E—— D. Davison.

A summons issued January 22, 1859, to Woodford county, returnable to March term, served February 12th by sheriff of Woodford county, who returns the full name of defendant, Ezra D. Davison.

A summons also issued January 29th, 1859, to Marshall county, served by sheriff of Marshall county, February 9th, 1859, and full name of defendant given in return as above.

A motion was made to amend declaration by sheriff's return.

Ezra D. Davison pleaded in abatement to the process served by sheriff of Marshall county, alleging that the supposed causes of action, if any have accrued, accrued out of the jurisdiction, and out of the county of Peoria, to wit, at Plattsville, in Wisconsin; that at the commencement of suit, defendant did not reside in Peoria county, but did and does reside in Marshall county, Illinois; that process was served in Marshall county, and by sheriff thereof; " that the contract, promises and moneys were not made specifically payable in the county of Peoria; and that at commencement of suit, plaintiffs were not nor since have been residents of Peoria county." Verification, and prayer whether court can or will take further cognizance, etc. Signed, Ezra D. Davison.

Special demurrer to above plea, assigning for causes that—1, It is not denied that any or either of the causes was payable at Peoria; 2, It is not shown where any or either of the causes was payable; 3, The existence of the causes is only hypothetically admitted; 4, The affidavit is uncertain and insufficient; 5, The court has jurisdiction, and the defendant is bound to answer, notwithstanding the matters alleged in the plea.

Court allowed the defendant to plead in abatement to the writ served in Woodford county, and the plaintiffs excepted.

March 18, 1859, plea in abatement filed to the summons served in Woodford county, alleging same facts as that filed to process served in Marshall county, and in same terms.

Demurrer to said last plea in abatement, assigning the same reasons alleged against the plea in abatement first filed.

Both demurrers overruled, and judgment that court ought not to take further cognizance, etc., that defendant go without day, etc., and that defendant recover his costs, etc.

The errors assigned are as follows: Overruling motion for judgment by default; allowing defendant to plead in abatement to process served in Woodford county; overruling demurrer to plea in abatement to process served in Marshall county; overruling demurrer to plea in abatement to process served in Woodford county; giving judgment for defendant.

C. C. BONNEY, for Plaintiffs in Error.

H. GROVE, for Defendant in Error.

WALKER, J. This was an action of assumpsit. The declar-

ation contained two special and the common counts. The defendant interposed a plea in abatement to each writ that the defendant was not a resident of the county of Peoria, and was not served with process within that county, and " that the contract, promises and moneys were not made specifically payable in the county of Peoria; and that at the commencement of the suit, plaintiffs were not, nor since have been residents of Peoria county." To these pleas defendants filed demurrers, which were answered, and the suit was abated. From that decision the plaintiff prosecutes this writ of error.

With superior courts of general jurisdiction, the presumption is, that they are in the proper exercise of jurisdiction, until the contrary is shown. And it is a rule of pleading, that a plea to the jurisdiction of the court, must aver facts, showing the absence of jurisdiction, and must be certain in every particular. If the plea is uncertain in any particular, it will be bad on demurrer, or if the facts averred might be admitted to be true, and the court still, by reasonable intendment, have jurisdiction, the plea will be bad. In other words, the defendant must by his plea show that the court had no jurisdiction in any event, and it must appear by averment. But if several causes of action are embraced in the different counts of the declaration, a portion of which are within the jurisdiction of the court, and a portion are not, the court may proceed to try and determine those of which it has jurisdiction, and a plea in abatement, to be good, should only be to the cause of which the court has no jurisdiction.

Does the language of this plea " that the contract, promises and moneys were not made specifically payable in the county of Peoria," exclude the presumption that any or some one of the promises declared upon, may not have been so made payable? The reasonable construction of this language is, that all of these promises and moneys declared for, were not made specifically payable in the county of Peoria. And such an averment would imply that a portion or some one of them was specifically payable at that place, and if so, the court had jurisdiction to that extent. Had plaintiff taken issue on this plea, and on the trial one of the several causes of action declared upon, had proved not to have been specifically payable in that county, then this averment would have been sustained To have been sufficient, the averment should have denied that the contract, promises or moneys, or any or either of them, were so payable. The demurrer should therefore, have been sustained to these pleas. The court below having erred in overruling the demurrers to these pleas and abating the suit, that judgment must be reversed, and the cause remanded.            *Judgment reversed.*