JOHN LEONARD, Appellant, *v.* THE CITY OF BROOKLYN, Impleaded, etc., Respondent.

In the absence of an express statutory provision authorizing it, a mechanic's lien cannot be enforced against the real estate of a municipal corporation held for public use.

(Submitted December 10, 1877; decided December 21, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, the city of Brooklyn,

entered upon an order sustaining a demurrer to plaintiff's complaint. (Reported below, 7 Hun, 73.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*James Troy*, for appellant. The common-law rule applicable to the sovereign power of the State does not apply to a mere municipal corporation. (14 Alb. L. J., 69, 100, 113, 118, 177.)

*William C. De Witt*, for respondent. A mechanic's lien could not be enforced against the defendant's property. (*Poillon* v. *Mayor*, etc., 47 N. Y., 666; *Brinckerhoff* v. *Board of Education*, 37 How. Pr., 499.) The State is not bound by a statute unless included in its terms either expressly or by necessary implication. This rule, in principle, extends to all those interests of public concern which are intrusted by the State to municipalities. (Sedgw. on St. and Const. Laws [2d ed.], 84.)

MILLER, J. This action was brought to enforce a mechanic's lien for labor and materials furnished by a sub-contractor in the erection of a "fire-bell tower," in the city of Brooklyn. The alleged lien arises under the provisions of chapter 478 of the Laws of 1862, which relates to mechanics' liens in the counties of Kings and Queens. This act, among other things, provides for instituting and prosecuting an action after filing service of notice of the lien, the same as other civil actions to enforce the lien, and declares, "that such action shall be governed, and the judgment thereon enforced in the same manner as upon issues joined and judgments rendered in all other such civil actions aforesaid." It thus places the proceedings and the judgment upon the same basis as in actions to enforce any other lawful demand, and the plaintiff occupies no better or different position than any other creditor who holds a demand against a municipal corporation, and must be governed by the same rules. In *Darlington* v. *The Mayor* (31 N. Y., 164), it is laid down

by DENIO, J., that property held by a municipal corporation for public use, such as public edifices or their furniture, or ornaments, or the public parks, or grounds, or such. as may be legally pledged for the payment of its debt, is not subject to seizure and sale on execution. The reason stated why this cannot be done is, that these structures, etc., are public property, devoted to specific public uses, in the same sense as similar subjects in the use of the State government. It is claimed that the remarks of the learned judge must be regarded as *obiter dicta*, so far as the question presented in this case is concerned. We think that they relate to the subject then under consideration, the liability of a municipal corporation for its debts, and are based upon a sound principle. It is very evident that it would not be consistent with a safe and judicious administration of the affairs of a city, as well as an entire disregard of the objects of a municipal government, to allow its property, held for public use, to be subject to levy and sale by execution for the debts of the corporation at the instance of a creditor. Such property is held by the corporate authorities, which constitute a part of the government, for the use, benefit and protection of its citizens. It is purchased with money realized by taxation on the property of the inhabitants, and is held in trust for the purpose of administering the government of the city, and if allowed to be seized and appropriated by a private creditor in satisfaction of a demand of such creditor, would fail to answer the purposes for which it was designed, and seriously interfere with and impair the practical workings of the municipal government in the discharge of its legitimate functions. It would sanction neglect of official duty in the officers of the corporation, and might lead to the most serious consequences.

It is easy to see that great inconvenience and even injury might result to the public from a forced sale of corporate property, as well as to the property of individuals within the limits of the corporation. No corresponding advantage would be gained by any such proceeding, and in the absence of any

express authority to that effect, no reason exists why claims of the character of the one in controversy should stand upon any better or different footing than any other which exist against a municipal corporation, where judgment can be obtained and execution issued against such of the property of the corporation as is liable to levy and sale under the same. According to the express language of the act cited, the judgment is to be enforced the same as in other actions, and hence it would be inconsistent with this condition to allow such judgment to be collected by a sale of a " fire-bell tower," designed for public use, and which was erected upon land belonging to the corporation.

If judgments in other actions cannot be enforced by the sale of public property, for the reason that public exigencies require that such property should be exempt from seizure and sale, certainly a judgment obtained under the lien law, which is the mere foreclosure of the notice which had previously been served and filed for work done for the benefit of the city, should stand in no better position. The act in question confers no special advantage, nor does it give a preference to a lien in any such case, and nothing is to be intended in favor of an enactment which interferes with a well-established principle, and changes a rule which has long been settled. To make such a material alteration, the law should be plain, explicit and clear, and there is no ground for holding that it was the intention of the law-makers to confer upon a certain class of creditors the right to a lien upon property held for public use by a municipal government unless there is an express provision to that effect. The statute does not include such a case either in terms or by necessary implication.

As the plaintiff's demand cannot be enforced as a mechanic's lien upon the property held for public use by the corporate authorities of the city of Brooklyn, which is claimed to be liable therefor, upon any legal ground, the judgment must be affirmed.

All concur.

Judgment affirmed.