EMERY COUNTY, APPELLANT, *v.* P. C. BURRESEN, RESPONDENT.

EXECUTION AGAINST A COUNTY—EXEMPTIONS—MANDAMUS—AUDITED CLAIM.

1. K. brought suit against Emery county for services, and obtained judgment before a justice of the peace, and afterwards levied execution on property of the county, and sold it. Emery county then commenced suit against K. and the sheriff for conversion of the property. *Held*, that a county is one of the political divisions of a state, and is clothed with certain political power of government of its local affairs.

2. Section 3419, Comp. Laws Utah 1888, giving a party in whose favor judgment is rendered a right to execution; and subdivision 10 of section 3429, exempting certain classes of property from execution against a county,—cannot be extended so as to include the right to levy an execution against the property of the county, state, or municipal organization, in the absence of a statute expressly granting such right in express terms.

3. Under section 199, p. 307, Comp. Laws Utah 1888, a judgment against a county, when duly filed, becomes an audited claim against said county; and plaintiff, in case of failure from lack of funds or refusal to pay the same, can resort to his writ of *mandamus*.

(No. 725.	Decided Oct. 22, 1896.)

Appeal from the Seventh district court, Emery county. Hon. Jacob Johnson, *Judge.*

Action by Emery county against P. C. Burreson and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*W. K. Reed* and *Thurman & Wedgwood,* for appellant.

*J. W. N. Whitecotton,* for respondents.

MINER, J.:

Killpack commenced suit in the justice's court against Emery county for $6.75, claimed to be due him from the county for fees as justice of the peace, which claim had been presented and disallowed by the county court, and $25 attorney's fees for trying the case against the county, taxed as costs. Killpack recovered judgment, which, together with costs, amounted to $52.50. Execution was issued by the justice against Emery county, which was levied by Burresen, the sheriff, upon property of the county, consisting of scrapers, plows, estray brands, etc., and sold the same to satisfy the execution. This action is brought by Emery county against the plaintiff Killpack, who brought the action; Burresen, the sheriff, who took the property; C. P. Anderson, the justice; and C. E. Kofford, the attorney, who advised the suit,—for conspiracy and unlawful conversion of the property of the county, claiming damages of $324. The respondents justify upon the judgment and execution issued by the justice of the peace. The respondents obtained judgment, and for costs, in the district court, from which judgment the plaintiff Emery county appeals.

The question presented is whether the property of Emery county is liable to be levied upon and sold upon execution, in satisfaction of a judgment obtained against Emery county, one of the political divisions of the state. It appears that the claim, duly itemized, was presented to the county court for allowance before suit, and that it was wholly disallowed; that, after judgment, a certified copy thereof was filed with the county court. The respondents base their right to the issuance, levy, and

sale by execution upon section 3419, Comp. Laws Utah 1888, which gives a party in whose favor judgment is rendered a right to a writ of execution for its enforcement, and upon subdivision 10, § 3429, Id., which exempts certain specified classes of property belonging to the county, not included in the execution and sale, from execution. The nature, objects, and liabilities of political, municipal, or public corporations, like a county in a state, stand upon a different ground from private corporations. A county is one of the political divisions of the state, signifying a community, clothed with such extensive authority and political power as may be deemed necessary by the superior controlling power of the state for the proper government of its people residing within its borders, and for a proper administration of its local affairs. A county can raise revenue by taxation, make public improvements, and defray the expenses of the same by taxation, exercise certain specified judicial powers, and generally act within the authorized sphere created and abridged by the statute or constitution of the state. The power of taxation furnishes the means by which it may pay its debts and meet obligations necessarily incurred for the many purposes of its existence and welfare. The county has control of the county property to be used and disposed of to promote corporate purposes. It does not possess property liable to execution in the same sense that an individual possesses it. Levying upon and selling the property or revenues of a county, or removing it, may work irreparable injury, and ruin its inhabitants.

We are unable to find, nor has our attention been called to, any statute in this state expressly giving authority to levy an execution, and sell property of the county for a debt. It is a general rule that the people or the sover-

eign are not bound by general words in a statute restrictive of a prerogative right, title, or interest, unless expressly named. *People* v. *Herkimer,* 4 Cow. 345; *Leonard* v. *City of Brooklyn,* 71 N. Y. 498; *City of Chicago* v. *Hasley,* 25 Ill. 486; Sedg. St. Const. p. 337.

So, it has been held that, in rendering judgment against a city, it is error to award execution, or to levy it. *City of Morrison* v. *Hinkson,* 87 Ill. 588; *Klein* v. *New Orleans,* 99 U. S. 149. It has also been held by this court that the board of education is not liable to the process of garnishment for a salary due a teacher, and that the statute authorizing the garnishment of corporations only applies to private corporations. *Chamberlain* v. *Watters,* 10 Utah 298; *Van Cott* v. *Pratt,* 11 Utah 209.

Section 3419, Comp. Laws Utah 1888, giving a party in whose favor judgment is rendered a right to execution; and subdivision 10 of section 3429, exempting certain classes of property from execution against a county, —cannot be extended so as to include the right to levy an execution against the property of the county, state, or municipal organization, in the absence of a statute expressly granting such right in express terms. "The property of such public corporations, and the taxes levied and collected for public purposes, are a constituent part and a necessary ingredient of their public power, and are no more liable to seizure and sale than the whole power itself would be; and before we can assent to the proposition that a political corporation, clothed with so many powers and duties of government, so essential to be sustained by the exercise of their rights and privileges, cannot be secured in their property and means by which their functions can be properly exercised for the benefit of the citizen, we must see some positive act of the legislature authorizing the issuance of the writ." We

cannot admit that any individual possesses such power under our laws as would enable him, in securing a private end, to put an end to the functions of a political organization, and thus disorganize and destroy the government. It is true that a county can sue and be sued, and the rights of a creditor are preserved under section 199, p. 307, 1 Comp. Laws Utah 1888, which provides as follows: "A claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor, at any time within six months after the final action of the court, but not afterwards; and if, in such action, judgment is recovered for more than the court allowed, on presentation of a certified copy of the judgment, the court must allow and pay the same, together with the costs adjudged; but if no more is recovered than the court allowed, the court must pay the claim, but no more than was originally allowed." A judgment, when obtained against a county, under this act, has the effect of an audited claim against the county. It is conclusive evidence that the county owes the money for which the judgment is obtained. The county court has, after judgment, no discretion to exercise as to the justice and legality of the demand. Nevertheless, it appears to be contemplated by the statute that, after judgment is obtained, it shall be presented to the county court, and placed among the audited demands against the county; and then it is made the duty of the county to allow and pay the claim, together with the costs adjudged. The payment of costs is contingent upon the amount recovered. It was evidently intended by the statute that, when a judgment was obtained, it should have the force and effect of an audited demand, and that the claim was no longer open to contest. The county court, after judgment, and after the

filing of a certified copy thereof with it, has no longer any discretion in the premises. The claim then stands upon the same footing as all other claims and demands against the county, and is therefore subject to all the conditions and limitations applicable to other audited claims, and payment may be enforced in the same manner, and not otherwise. No execution can issue upon a judgment against the county. When the judgment is rendered, and a certified copy thereof is filed with the county court, it then becomes the duty of the county court to apply such funds in the treasury of the county as are not otherwise appropriated to its payment; or if there are no funds, and the county court possesses the necessary power to levy a tax for that purpose, and if it fails or refuses to apply the funds, or to exercise the power, the plaintiff can then resort to his writ of *mandamus.*

A similar question, under a similar statute, has been before the courts of California and other states, where the same conclusion is reached. *Alden* v. *Alameda Co.*, 43 Cal. 270; *Emeric* v. *Gilman*, 10 Cal. 404; *Sharp* v. *Contra Costa Co.*, 34 Cal. 285; *Gilman* v. *Contra Costa Co.*, 8 Cal. 52; *City of Chicago* v. *Hasley*, 25 Ill. 485 (595); *Leonard* v. *City of Brooklyn*, 71 N. Y. 498; High, Extr. Rem. § 232; *Taylor* v. *County Court*, 2 Utah 405; Dill. Mun. Corp. § 100; *Klein* v. *New Orleans*, 99 U. S. 149; Sedg. St. Const. 337; *People* v. *Herkimer*, 4 Cow. 345.

Upon the grounds stated, the judgment of the court below is set aside and vacated, with costs, and a new trial ordered.

ZANE, C. J., and BARTCH, J., concur.