PETER JECKER v. S. C. PHYTIDES.

Decided December 5, 1901.

1.—Judgment—Plea to Jurisdiction—Res Adjudicata.

An order of court reciting that a plea to the jurisdiction came on to be heard, "which was sustained, and the case dismissed, to which plaintiff excepted and gave notice of appeal, and plaintiff having withdrawn his notice of appeal, leave is granted him to amend his petition, and cause ordered continued upon motion of plaintiff," is an order of continuance, and not such a final judgment of dismissal as will sustain a plea of res adjudicata, plaintiff having subsequently and in accordance with the order amended his pleading so as to show an amount within the jurisdiction of the court.

2.—Same—Effect of Dismissal.

Even if it had been a judgment of dismissal, it would not be such an adjudication on the merits as would bar a new suit, or prevent plaintiff from amending.

3.—Same—Lien Beyond Jurisdiction—Judgment for Debt.

Where the action is to recover a sum within the jurisdiction of the court, it should not be dismissed because plaintiff seeks also to foreclose a lien on property valued at an amount in excess to the jurisdiction, but the case should be retained and tried on the issue of debt.

Appeal from the County Court of Victoria. Tried below before Hon. Ben W. Fly.

*Y. C. Burkhart,* for appellant.

*Fly & Hill,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellant brought this suit against the appellee in the County Court of Victoria County for the recovery of the sum of $298.83, as the balance due on the purchase price of a stock of goods, services rendered, and money advanced, and to foreclose a lien on the goods for the alleged balance. His original petition was filed December 15, 1900, and in it he alleged the value of the goods to be $1026. On January 11, 1901, the appellee filed an answer to the petition, and among other matters of defense demurred to the jurisdiction of the court to try the case because the property upon which the lien was sought to be foreclosed was valued at more than $1000, and asked that it be dismissed for the want of jurisdiction. On January 12, 1901, upon a hearing the court sustained the demurrer to the jurisdiction and dismissed the case. Appellant excepted to the ruling of the court and gave notice of appeal, but on the same day in open court withdrew his notice of appeal, and asked leave to amend his petition, which was granted by the court, and the cause was continued. The order of the court was entered upon the minutes as follows:

"Saturday, January 12, 1901. This day coming on to be heard the plea to the jurisdiction of the County Court filed by the defendant, which having been heard and considered by the court, was sustained and the case dismissed, to which plaintiff excepted and gave notice of ap-

peal, and plaintiff having withdrawn his notice of appeal, leave is granted him to amend his first original petition, and cause ordered continued upon motion of plaintiff."

On April 1, 1901, the appellant filed an amended petition in which the value of the goods was laid at $500. In reply the appellee pleaded in bar the judgment of the court rendered January 12, 1901, and also that the goods were worth more than $1000, and that the allegation that they were of the value of $500 was fraudulently made for the purpose of conferring jurisdiction on the court. Appellant excepted to so much of this plea as set up the former judgment as res adjudicata. The court overruled the exception, and having heard evidence as to the value of the goods, sustained the plea of res adjudicata, and found also that the goods were of more value than $1000, and dismissed the cause.

We are of the opinion that the judgment of January 12, 1901, was not a final judgment of dismissal. It was nothing more than a history of the proceedings and an order of continuance. Even if it had been, it was not an adjudication of the merits of the controversy, and there was nothing to prevent the appellant from bringing another suit; and his amendment would have been in effect a new suit, only subjecting him to costs up to time of the filing of the same. The judgment of the court can not be sustained on the ground that the trial judge found that the allegation of value was fraudulently made for the purpose of conferring jurisdiction, because it related only to the value of the goods upon which a lien was sought to be foreclosed, and it having been found that the court did not have jurisdiction to try the question of a lien, yet the amount being sued for being within the jurisdiction of the court, the court should have retained jurisdiction of the case and tried the issue as to the alleged debt. The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*