## PENNANT OIL & GAS CO. v. LIGHTFOOT.
(No. 914–4680.) *

(Commission of Appeals of Texas, Section A. March 23, 1927.)

Courts ☞169(5)—County court is without jurisdiction of claim for $1,829.32 for pipe borrowed which admits plaintiff's indebtedness of $1,176.01 for other borrowed pipe (Const. art. 5, § 16).

Under Const. art. 5, § 16, giving county court concurrent jurisdiction with district court when matter in controversy exceeds $500 and does not exceed $1,000, action for value of pipe alleged to be $1,829.32, in which plaintiff acknowledged using defendant's pipe worth $1,176.01, was not cognizable in county court.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by R. P. Lightfoot against the Pennant Oil & Gas Company. Judgment for plaintiff in the county court was affirmed by the Court of Civil Appeals (286 S. W. 249), and defendant brings error. Reversed and dismissed.

H. A. Turner, of Fort Worth, for plaintiff in error.

J. C. Smith, of Fort Worth, for defendant in error.

BISHOP, J. Defendant in error, R. P. Lightfoot, as plaintiff, instituted this suit in the county court of Tarrant county against plaintiff in error, alleging the facts constituting his cause of action as follows:

"For cause of action plaintiff says that on or about the month of March, 1922, he was engaged in drilling an oil well near Cross Plains, Tex., and that the defendant borrowed from plaintiff 45 joints of 12½-inch casing, making 990 feet 6 inches, and also 1,950 feet 2 inches of 2-inch line pipe; that at the time said pipe was loaned by plaintiff to defendant it was expected that the same would be thereafter returned, but for some unknown to plaintiff, the defendant was unable to return said pipe, and then and there appropriated the same to its own use and benefit, and never returned the same or paid the plaintiff anything therefor; that the reasonable cash market value of the said 12½-inch casing, at the time it was so appropriated by the defendant, was $1.65 per lineal foot, or the total sum of $1,634.32; that the reasonable market value of said line pipe was 10 cents per lineal foot, or the total sum of $195, making a total value of the casing and pipe so appropriated and used by the defendant belonging to the plaintiff of the value of $1,829.32.

"III. Plaintiff further alleges that thereafter the plaintiff borrowed from the defendant 74 joints of 6⅝-inch casing, making 1,546 feet and 5 inches in length, and also one joint of 5³⁄₁₆-inch casing, 20 feet in length; that the plaintiff used the same and was not thereafter able to deliver or return the same to defendant, but appropriated it to his own use and benefit, and is obliged to pay the defendant for the same the reasonable cash market value thereof, which the plaintiff pleads is as follows: The 6⅝-inch casing was of the reasonable cash market value of 75 cents per lineal foot, or the total value of $1,159.81, and the one joint of 5³⁄₁₆-inch casing was of the reasonable market value, at the time the plaintiff used the same, of 81 cents per lineal foot, or the total sum of $16.20, making a total value of the pipe belonging to defendant used and appropriated by the plaintiff of the total value of $1,176.01.

"IV. Plaintiff further alleges that the pipe, as hereinbefore described, appropriated by the defendant was, as is hereinabove stated, of the reasonable cash market value of $1,829.32, and the pipe belonging to the defendant appropriated by the plaintiff was of the reasonable cash market value of $1,176.01, making a difference in the values of said pipe to be $653.31 in favor of plaintiff, which sum is, by the defendant, due and owing to this plaintiff, and, though often demanded, the defendant has failed and refused to pay the same or any part thereof, to plaintiff's damage in the said sum of $653.31, for which this suit is brought, together with 6 per cent. interest thereon from and after February 1, 1923. Plaintiff further says that he did not know how much pipe the defendant had secured from him and for what amount to make demand therefor until on or about the 1st day of February, 1923, when plaintiff received a statement from the defendant giving the itemized list of pipe the defendant received from the plaintiff, as also an itemized list of the pipe plaintiff received from the defendant, and that from and after said time this plaintiff has repeatedly made demand for a settlement and payment of the difference in the value of said pipe, as hereinbefore set out.

"Plaintiff further says that the exchange of the said pipes and the taking thereof as hereinbefore pleaded by the plaintiff, each from the other, was done in a lawful manner, and both plaintiff and defendant were in duty bound and legally bound to return said pipe upon demand, each to the other, or to pay the reasonable cash market value therefor, and by reason of the appropriation by the defendant of the said pipe, as hereinbefore pleaded, as also the appropriation of the pipe by plaintiff, as hereinbefore pleaded, there arose both a legal and an implied obligation on the part of the plaintiff and defendant to account each to the other for the reasonable cash market value of the said pipe so appropriated by them respectively, which plaintiff alleges is as hereinbefore set out.

"Wherefore, premises considered, plaintiff prays that defendant be cited to appear and answer this petition and that plaintiff have judgment for the sum of $653.31, his damages, interest, and costs, and for such other and further relief, general and special, in law and in equity, to which he may in any wise be entitled."

On trial in the county court judgment was rendered in favor of Lightfoot for the sum of $395.81. This judgment was by the Court of Civil Appeals affirmed on a holding that the alleged amount of the difference between the two adverse claims ($653.31) is the amount

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied May 4, 1927.

in controversy in contemplation of our Constitution, providing that the county court shall have concurrent jurisdiction with the district court when the matter in controversy shall exceed $500, and not exceed $1,000, exclusive of interest. Constitution of Texas, art. 5, § 16.

The plaintiff was not only seeking by his suit to recover the $653.31. He was also seeking to have the court determine the amount he was obligated to pay defendant, and have such amount by the court applied as a credit on his demand. In addition to his claim that defendant be required to pay him $653.31 by judgment, he sought by judgment to estop defendant from demanding from him the performance of an obligation which he admitted and which he alleged to be $1,176.01. The amount over which he sought to have the court exercise jurisdiction was $1,829.32, as shown by the allegations in his petition. Wischkaemper v. Allen (Tex. Civ. App.) 221 S. W. 1037; Gimbel & Son v. Gomprecht & Co., 89 Tex. 497, 35 S. W. 470; Cain v. Culbreath (Tex. Civ. App.) 35 S. W. 809; Pennybacker et al. v. Hazlewood, 26 Tex. Civ. App. 183, 61 S. W. 153.

The matter in controversy exceeds the amount over which the county court is given jurisdiction, and we recommend that the judgments of both courts be reversed, and the cause dismissed.

CURETON, C. J. Judgments of the county court and Court of Civil Appeals both reversed, and cause dismissed, as recommended by the Commission of Appeals.