### CAPITAL OIL & GAS CO. v. CASEY.
#### (No. 11838.)

Court of Civil Appeals of Texas. Fort Worth. July 2, 1927.

Rehearing Denied Sept. 24, 1927.

1. **Courts ⬯164—Petition in county court alleging filing of laborer's lien on property of defendant in particular county, without describing property, held insufficient to entitle plaintiff to foreclosure.**

In action by vice president and general manager of oil company to recover salary, allegation in petition in county court that plaintiff filed laborer's lien on all property "owned by said defendant company" in particular county, without describing property or stating whether it was real or personal, and prayer for foreclosure of lien on property owned and held by company, *held* insufficient to entitle plaintiff to foreclosure.

2. **Courts ⬯27—Cause of action for foreclosure of lien is ancillary to action for debt and severable therefrom.**

Cause of action for debt is not dependent on cause of action for foreclosure of lien, and foreclosure proceeding is ancillary and severable from action on debt.

3. **Courts ⬯27—County court could award recovery of salary sued for by virtue of prayer in petition for foreclosure of laborer's lien, though foreclosure unauthorized.**

In action to recover for services rendered under contract and for foreclosure of laborer's lien, county court had jurisdiction to render judgment for recovery of debt, notwithstanding claim of want of jurisdiction to foreclose lien, especially where petition was insufficient to authorize granting foreclosure.

4. **Appeal and error ⬯1152—Judgment of county court awarding recovery for services will be reformed by eliminating foreclosure of laborer's lien in excess of jurisdiction and unwarranted by pleadings.**

Where county court awarded judgment for salary sued for and foreclosure of laborer's lien on property of corporation, judgment will be reformed by Court of Civil Appeals by eliminating foreclosure of lien in excess of county court's jurisdiction and unwarranted by pleadings.

Error from Tarrant County Court; H. O. Gossett, Judge.

Suit by G. E. Casey against the Capital Oil & Gas Company. Judgment for plaintiff, and defendant brings error. Reformed and affirmed.

Goggans & Allison, of Breckenridge, for plaintiff in error.

Stuart & Morgan, for defendant in error.

BUCK, J. G. E. Casey filed suit in the county court at law No. 2 of Tarrant county against the Capital Oil & Gas Company, a private corporation, organized under the laws of the state of Texas, with its principal office and place of business in Fort Worth, Tarrant county, Tex. He alleged that he had been employed by the defendant during the month of July, 1925, to work for the defendant from month to month, said service to begin on August 20, 1925, and to continue from month to month until said service should be by both parties terminated, that under the contract, plaintiff was to serve and did serve as vice president and general manager of said company in the drilling of one certain oil well in Stephens county, and that he did work for the defendant in said capacity, from August 20th to November 15th, inclusive. He alleged that defendant had promised to pay him the sum of $350 per month, payable on the 20th day of each month, and that defendant had only paid him $350, and that he was entitled to and the defendant owed him $641.50. In addition to his suit for debt, he alleged as follows:

"The plaintiff did on the ―――― day of ――――, A. D. 1925, file a laborer's lien on all properties owned by said defendant company in Stephens county, Tex., in the Mechanic's Lien Records of Stephens county, Tex., vol. ――, p. ――, and the plaintiff now prays and asks for a foreclosure of said laborer's lien on the property owned and held by said company."

In his prayer he prayed for a foreclosure of his laborer's lien. Plaintiff was awarded judgment in the sum of $641.50, and given a foreclosure of a laborer's lien on certain described leases in Stephens county. From this judgment the defendant has appealed by writ of error.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## Opinion.

Plaintiff in error, hereinafter called appellant, urges that the county court was without jurisdiction to try this cause, inasmuch as the plaintiff sought a foreclosure of a laborer's lien on certain oil and gas leases, which, as held by the Supreme Court, is an interest in land; that the district court alone has jurisdiction to foreclose this lien. Appellant cites a number of cases in support of its contention, such as Childress Oil Co. v. Wood, 233 S. W. 566, by this court, and Id., 111 Tex. 165, 230 S. W. 143, by the Supreme Court, on certified questions, R. O. Kipp Co. v. Anglin (Tex. Civ. App.) 270 S. W. 893, and Wilkerson v. Huddleston (Tex. Civ. App.) 258 S. W. 884.

Defendant in error, hereinafter called appellee, cites a number of cases in support of his contention that the mere mention in plaintiff's petition that he had filed "on the ——— day of ———, a laborer's lien" on all property owned by defendant company in Stephens county, etc., without describing said property, and without showing whether said property consisted of real estate or personal property, was not a sufficient allegation to justify the trial court in giving judgment for a foreclosure, and that said allegation must be treated as a surplusage and disregarded. We will briefly discuss the question involved, with the light shed thereon from the cited authorities and other authorities which we have examined.

In the Childress Oil Co. v. Wood case, supra, this court, speaking through Justice Dunklin, said:

"The only question presented to this court by the defendant, who has appealed from the last judgment, is that of jurisdiction to render it; the contention being that, as the value of the property upon which a lien was asserted was in excess of $200, the justice court had no jurisdiction of the suit, and therefore the county court on appeal had none. It is our conclusion that the assignment should be sustained. It is well settled by the decisions of our Supreme Court that in a suit to foreclose a lien on personal property the jurisdiction of the court in which the suit is instituted must be determined by the value of such property, and that, if the justice court in which a suit is instituted is without jurisdiction to entertain it, the county court acquires none when the case is appealed to that court for trial de novo"—citing cases.

In the Supreme Court, speaking through Chief Justice Phillips, it was said:

"The honorable Court of Civil Appeals reversed this judgment and directed the dismissal of the case, holding that the jurisdiction of the justice court has determined by the value of the property upon which the lien was asserted, and that, since the justice court had no jurisdiction, the county court had none. The question certified is whether its action was correct. We answer that it was."

The Supreme Court distinguishes that case from cases wherein a statutory lien is sought to be foreclosed, and the statute provides that so much of defendant's property shall be foreclosed as will satisfy the lien. Landlord's lien, carrier's lien, etc., are in this class.

In the second case cited, R. O. Kipp Co. v. Anglin, by the San Antonio Court of Civil Appeals, Justice Smith, after citing a number of cases, said:

"The holdings of the cases cited are unmistakable and overwhelming, and in deference to them we hold that in this case the jurisdiction of the court below was determinable by the value of the property against which the lien was sought to be enforced, and not by the amount sued for, although that amount was within the jurisdiction of the court."

In Wilkerson v. Huddleston, supra, opinion by Justice Lane of the Galveston Court of Civil Appeals, the cause originated in the justice court, and, upon appeal to the county court, upon objection that the value of the property upon which a foreclosure was sought did not appear to be within the jurisdiction of the justice court, the plea for foreclosure was dismissed, and judgment rendered for the debt. The Court of Civil Appeals reversed the judgment and dismissed the cause, on the ground, as in other cases shown, that, the justice court not having jurisdiction, the county court on appeal would have no jurisdiction.

The appellee cites a number of cases, including Nations v. Lindley (Tex. Civ. App.) 275 S. W. 163; Pennant Oil & Gas Co. v. Lightfoot, 286 S. W. 249, by this court, and Id., 292 S. W. 517, by the Supreme Court; Le Master v. Lee (Tex. Civ. App.) 150 S. W. 315; Walker Mercantile Co. v. J. R. Raney Co. (Tex. Civ. App.) 154 S. W. 317, 319, on appellee's motion for rehearing; Herry v. Benoit (Tex. Civ. App.) 70 S. W. 359, 360; Ft. W. & D. C. Ry. Co. v. Underwood (Tex. Civ. App.) 98 S. W. 453, and opinion by Supreme Court in Id., 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806; Jecker v. Phytides, 27 Tex. Civ. App. 410, 65 S. W. 1129; Cantrell v. Cawyer (Tex. Civ. App.) 162 S. W. 919; Childress Oil Co. v. Wood, supra, cited also by appellant—to which might be added Stricklin v. Arrington & Carter (Tex. Civ. App.) 141 S. W. 189.

[1, 2] In effect, the argument of appellee is that, from the allegation contained in plaintiff's petition as to his right of a foreclosure, with no description of the property and no statement as to whether the property was real or personal, and no value placed thereon, the trial court was not authorized to grant a foreclosure, and that the allegation in the petition should be taken as surplusage, and so much of the judgment below as decreed a foreclosure should be set aside and the judgment reformed, and judgment here rendered for the debt alone. We are of the opinion

that the contention is sound and should be sustained.

A cause of action for debt is not dependent upon a cause of action for foreclosure of a lien, the latter being only ancillary to the main cause of action. They are severable, and we think a prayer for a foreclosure and a statement with reference to his right to a foreclosure are insufficient to entitle him thereto. It will be remembered that this was a judgment by default, and no question was raised as to the sufficiency of the allegation with reference to a foreclosure of the lien. In 15 Corpus Juris, § 35, p. 736, it is said:

"Where a complaint sets up several different causes of action, of some of which the court has jurisdiction and of others not, the case may be tried as to those of which the court has jurisdiction, although no judgment can be rendered upon the cause of action which is outside of the jurisdiction of the court"—citing Chicago, etc., Ry, Co. v. Spencer, 23 Ind. App. 605, 55 N. E. 882, and other cases.

[3] In Antene v. Jensen, 47 Okl. 352, 148 P. 727, the Oklahoma Supreme Court held that, if the county court has jurisdiction of the general class of actions to which a suit belongs, and has jurisdiction of the amount claimed, and to grant the principal relief demanded, the inclusion of other allegations in the petition which are merely incidental to the main case, upon which is founded a prayer for additional relief which is beyond the jurisdiction of the court to grant, does not divest the court from granting such relief as it may lawfully render consistent with the pleadings and the facts. In this case the plaintiff sought to have canceled a deed from one defendant to another defendant, conveying real estate, in an attempt to prevent the collection of plaintiff's demand. The court held that the county court did not have jurisdiction to grant this relief, and said:

"While it is true the petition asked for this relief, yet it was only an incident to the principal relief demanded, to wit, judgment for the sums expended by plaintiff by reason of defendant's breach of his contract, and we do not think the fact that this allegation was included in the petition would be sufficient to oust the jurisdiction of the court to grant the other relief prayed. Where a court has jurisdiction of the general class of actions to which the proceeding belongs, and has jurisdiction of the parties thereto, and has the power to grant the principal relief sought, we do not believe that the mere fact that other allegations are contained therein which are merely incident to the main case, upon which is founded a prayer for additional relief that is beyond the jurisdiction of the court to grant, would oust the jurisdiction of the court of the entire cause, nor prevent it from granting such relief as it might lawfully render, consistent with the pleadings and the facts in the case. 12 Ency. P. & P. 124; Diblee et al. v. Davison, 25 Ill. 486; Atl. Tel. Co. v. Baltimore & O. R. R., 46 N. Y. Super. Ct. 377."

We believe the Oklahoma decision is sound, and that the instant case is easily distinguishable from the cases cited by appellant in support of its contention.

[4] Therefore the judgment below will be reformed so as to eliminate therefrom the foreclosure of the lien on the leasehold interest described therein, and leave the judgment merely for the debt. The costs of appeal will be adjudged against the appellee.

As reformed, the judgment will be affirmed