In the Matter of NAMON GEWERTZ, Appellant, against CHARLES W. BERRY, as Comptroller of the City of New York, Respondent.

(Submitted February 8, 1932; decided March 3, 1932.)

*E. A. Deutschman* for appellant. Section 44 of the Civil Practice Act is a Statute of Limitations. (*Connelly* v. *City of New York,* 121 N. Y. 9; *Mayor* v. *Colgate,* 12 N. Y. 148; *Fisher* v. *Mayor,* 67 N. Y. 736; *McMahon* v. *Arnold,* 107 App. Div. 132; *Matter of Watson,* 163 App. Div. 41; *Matter of Van Tassel,* 119 Misc. Rep. 478; *Warren* v. *Garlipp,* 126 Misc. Rep. 103; *Matter of City of New York,* 239 N. Y. 220; *Bell* v. *Morrison,* 1 Pet. [U. S.] 351; *Shoemaker* v. *Benedict,* 11 N. Y. 176; *United States* v. *Oregon,* 260 U. S. 290; *Seaman* v. *Clarke,* 60 App. Div. 416; *Jacobs* v. *Del Genovese,* 179 App. Div. 163; *Meigs* v. *Roberts,* 162 N. Y. 202.) The Statute of Limitations runs against a municipal corporation. (Dillon on Municipal Corporations [2d ed.], § 668; *Evans* v. *Erie Co.,* 66 Penn. St. 222.) The common-law rule as to the immunity of the sovereign from the Statute of Limitations has been abrogated by an express provision to that effect. (*New York Central & Hudson River R. R. Co.* v. *Cottle,* 102 Misc. Rep. 30; *Matter of Brandeth,* 14 Hun, 585; *Mayor* v. *Colgate,* 12 N. Y. 140; *Fisher* v. *Mayor of City of New York,* 67 N. Y. 73; *Donnelly* v. *City of Brooklyn,* 121 N. Y. 9; *Matter of Abelove,* 138 Misc. Rep. 241.)

*Arthur J. W. Hilly, Corporation Counsel (Nelson Rosenbaum and Vine H. Smith of counsel), for respondent.* The judgment in favor of the Department of Health of the city of New York against the petitioner was obtained by the municipality in the exercise of its public and governmental powers and is not affected by the provisions of section 44 of the Civil Practice Act. (*Lloyd v. City of New York*, 5 N. Y. 369; *Adler v. Deegan*, 251 N. Y. 467; *Prime v. City of Yonkers*, 192 N. Y. 105; *People v. Gilbert*, 18 Johns. 227; *People v. Herkimer*, 4 Cow. 345; *People v. Rossiter*, 4 Cow. 143; *St. Vincent Orphan Asylum v. City of Troy*, 76 N. Y. 108; *People v. Baldwin*, 197 App. Div. 285; 233 N. Y. 672; *Simis v. Brookfield*, 34 N. Y. Supp. 695; *Brown v. Trustees of Schools*, 224 Ill. 184; *Commonwealth v. Moorhead*, 118 Penn. St. 344; *City of Vesalia v. Jacob*, 65 Cal. 434; *Cross v. Mayor of Morristown*, 18 N. J. Eq. 305.)

O'BRIEN, J. Recently, Namon Gewertz recovered judgments against the city of New York. The nature of his cause of action is not stated. Twenty-four years prior to their entry, the Department of Health of the city of New York had docketed a judgment against him. Neither is the nature of its cause of action disclosed by the record but the amount of its judgment with accrued interest exceeds the aggregate of those in Gewertz's favor. The Comptroller seeks to offset the city's judgment against those obtained by Gewertz and declines to pay them. His position has been supported on the theory that the city, as a subordinate governmental agency, is not, in the absence of words expressly applicable to it, amenable to section 44 of the Civil Practice Act. This part of the statute provides that after the expiration of twenty years a judgment is, with exceptions not now pertinent, conclusively presumed to be paid. The courts below have relied as their authority upon the decisions in *MacMullen v. City of Middletown* (187 N. Y.

37); *People* v. *Gilbert* (18 Johns. 227), and *People* v. *Herkimer* (4 Cow. 345).

The Board of Health as head of the Department of Health, which is one of the administrative departments in the city of New York (Greater New York Charter, §§ 96, 109, 1167; Laws of 1901, ch. 466, as amd. by Laws of 1917, ch. 404), may sue and be sued in the name of this department. (Id. §§ 1192, 1196.) The city, when acting through its Department of Health, performs a governmental function and, therefore, in the absence of statute, would not be liable for its acts or omissions. (*Maxmilian* v. *Mayor*, 62 N. Y. 160; *Ham* v. *Mayor*, 70 N. Y. 459; *McKay* v. *City of Buffalo*, 9 Hun, 401; affd., 74 N. Y. 619; *Bamber* v. *City of Rochester*, 26 Hun, 587; affd., 97 N. Y. 625; *Lefrois* v. *County of Monroe*, 162 N. Y. 563; *Prime* v. *City of Yonkers*, 192 N. Y. 105.) By section 1196 of the Greater New York Charter all officers and agents of the Health Department, when acting in good faith and with ordinary discretion, are rendered exempt from liability, but the same section creates a right of action against the city for damages growing out of unjust or illegal destruction or injury to property by this department or its officers or agents. Thus the common-law rule applicable to the city of New York as a subordinate governmental agency in the administration of measures relating to public health is expressly altered. The cause of action so established does not rest upon a common-law right and its continued existence is dependent upon the pleasure of the Legislature. " Where the charter voices the will of the legislature, upon the subject of the responsibility of the political agency of the state to answer to the complaint of a private individual, it announces a rule of conduct, which is to govern the relations of the municipality with its citizens." (*MacMullen* v. *City of Middletown*, 187 N. Y. 37, 46.) In rendering this public corporation subject to suit for acts or omissions in its governmental capac-

ity the Legislature has removed the barrier which obstructed action against the sovereign and has placed its agent on the same plane as a private corporation or an individual. Until this agent may be relieved by statute of its corporate responsibility thus imposed or until it may be expressly exempted from the operation of section 44 of the Civil Practice Act, it remains, like other judgment debtors and judgment creditors, subject to the provisions of this section. Unless the Legislature otherwise enacts, the time within which the Department of Health or the city may begin an action against an individual or corporation is the same as that prescribed in the Civil Practice Act for other plaintiffs. We are not referred to any law establishing a different time. The general rule that the people are not bound by the terms of a statute of limitation, or one of repose, unless expressly named in it (*People* v. *Gilbert*, 18 Johns. 227; *People* v. *Herkimer*, 4 Cow. 345), does not control in a case where a litigant, which partakes of a governmental character, has been shorn of the protection which surrounds the sovereign. Such a suitor stands on an equality with the individual. The conclusive presumption against private parties created by section 44 of the Civil Practice Act, therefore, applies to the city of New York and renders non-existent the judgment docketed by it against appellant and any cause of action which otherwise might arise from it.

The order of the Appellate Division and that of the Special Term should be reversed and the application for a mandamus granted, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Orders reversed, etc.