14881

BROOKS v. ONE MOTOR BUS CARRYING 1937-38 S. C. LICENSE V-1357, MOTOR NO. 45590, SERIAL NO. 40476

(3 S. E. (2d), 42)

*Messrs. Hemphill & Hemphill,* for appellant,

*Messrs. Douglas & Douglas,* for respondent,

May 24, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

By this appeal we are asked to determine whether a school district bus, actively in use for the transportation of children to and from school, comes within the purview of Section 8785 of the Code of Laws, 1932. The statute in question in broad terms imposes liability on any motor vehicle where injury or damage results from its negligent operation, or when operated in violation of the provisions of law. It likewise provides for the attachment of such offending mo-

tor vehicle, and creates a lien thereover next in priority to the lien for State and county taxes.

This is an action *in rem,* solely against the respondent, school bus, which is the property of School District No. 9, of Fairfield County. Appellant, claiming to have suffered damages to his car and person as a result of the alleged negligent and unlawful operation of the bus on one of the public highways of Fairfield County, had it attached on the school grounds by the sheriff of Fairfield County while the school was in session, and at a time when the bus was being held in readiness to transport the pupils back to their homes. It is owned and operated by the school district solely for the purpose of transporting pupils, and is one of the school facilities furnished by the district in aid and furtherance of its educational system.

The lower Court, upon motion of the school district, dissolved and set aside the attachment, and the bus was thereupon delivered to the district. The Court in a comprehensive order held that motor vehicles owned by the State or by any political subdivision of the State do not fall within the terms of the statute, and may not be levied upon and sold under legal process.

We entertain no doubt as to the correctness of this judgment.

In this State neither the commonwealth nor any of its political subdivisions is liable in an action *ex delicto* unless made liable by express enactments of the General Assembly, except where the Acts complained of, in effect, constitute a taking of private property for public use without just compensation. *Sherbert v. School Dist. No. 85, Spartanburg County,* 169 S. C., 191, 168 S. E., 391; *Chick Springs Water Company v. State Highway Department,* 159 S. C., 481, 157 S. E., 842; *Randal v. State Highway Department,* 150 S. C., 302, 148 S. E., 57; *Faust v. Richland County,* 117 S. C., 251, 109 S. E., 151; *Lowry v. Thompson,* 25 S. C., 416, 1 S. E., 141.

It was held in *United States Casualty Co. v. State Highway Department of South Carolina,* 155 S. C., 77, 151 S. E., 887, that statutes permitting suits against a state, and especially those statutes allowing suits against towns, cities, and counties, political subdivisions of the state, for damages to property and persons, being in derogation of sovereignty, should be construed strictly.

As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the Courts will never say that it has been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect. *Herman Const. Co. v. Capper,* 105 Kan., 291, 293, 182 P., 386.

Our legislative history amply shows that the General Assembly has been fully cognizant of this sound principle of law. It has in several instances by express enactment prescribed the cases in which actions are allowed against counties, cities, towns and the State Highway Department. And in those enabling statutes the Legislature has invariably set forth with care and precision the terms and conditions upon which suit may be brought. In the permissible actions referred to only the recovery of general judgments is allowed. We look in vain to these statutes for any express or implied provision authorizing any specific lien over any governmental property of any governmental agency, or for any authority authorizing the issuance of executions, and levy and sale thereunder.

When a judgment is rendered against a county, it is the duty of the board of supervisors to apply funds in the treasury of the county, not otherwise appropriated, to its payment, or, if there are no such funds, it is

its duty to budget the judgment as a county expense and levy a tax, if authority exists therefor, to pay it. There is nothing in our legislative history to show that any other method of payment was ever contemplated. We are unable to find, nor has our attention been called to, any such statute in this State expressly giving authority to levy an execution, and sell property of political subdivisions of the State for a debt.

It is a general rule, to which we subscribe, that ■ neither the State nor any of its political divisions, is bound by general words in a statute restrictive of a prerogative right, title or interest, unless expressly named. 17 R. C. L., Sec. 43, page 145; *Emery County v. Burresen,* 14 Utah, 328, 47 P., 91, 37 L. R. A., 732, 60 Am. St. Rep., 898, Endlich, Interpretation of Statutes, Sec. 161; *People v. Herkimer,* 4 Cow., 345, 15 Am. Dec., 379; Sedgw. Stat. Constr., 2nd Ed., 337; *Leonard v. Brooklyn,* 71 N. Y., 498, 27 Am. Rep., 80; *Chicago v. Hasley,* 25 Ill., 595.

It is also the law that no execution can be levied ■ against the property of a county, state, or any political subdivision of the state, in the absence of a statute expressly granting such right in express terms. 17 R. C. L., Levy and Seizure, Sec. 43, page 145; 10 R. C. L., Executions, Sec. 9, page 1222, 23 C. J., Executions, § 105, page 355.

Under the foregoing authorities, the principle is adhered to that property held for public uses, such as public buildings, parks, wharves, fire engines, hose and hose carriages, court houses, jails, school houses, and generally everything held for governmental purposes, is not subject to levy and sale under execution against public corporations. The compelling reason underlying the rule is that levying upon and selling property used for governmental purposes, such, for instance, as a school district bus, engaged in the transportation of school children, might work

irreparable injury, and could destroy the public school system of a district.

The nature and functions of a political subdivision, like a school district in a state, stand upon a different ground from private corporations. A school district is one of the political divisions of the State, clothed under our laws with such extensive authority as may be deemed necessary by the superior controlling power of the State for the proper educational advancement of its children. It possesses the power to tax only as may be provided by law, and only for the purposes specified by law. It does not possess property subject to execution in the same sense that an individual possesses it. Its property is held in trust for the public and for public use, and as such may not be sold under legal process. *Carter v. City of Greenville,* 175 S. C., 130, 178 S. E., 508.

Appellant bases his right to attachment, seizure and sale under execution of the respondent school bus, upon Section 8785 of the Code of 1932. An examination of this section shows that it is couched in the most general terms, and that it contains no express reference to motor vehicles owned and operated by school districts, and we hold that its terms cannot be extended so as to include the right to attach or levy an execution against the respondent school bus. No lien is created by express provision upon the property of the State, and none can be established thereon by implication. We cannot assent to the proposition that a school district clothed with so many important powers and duties of government, so essential to be sustained by the exercise of its rights and privileges, may be crippled and irreparably damaged in the performance of its public functions by having its school buses sold under legal process arising from tort actions. We cannot admit, as was said by the Court in *Emery County v. Burresen, supra* (14 Utah, 328, 47 P., 92), "that any individual possesses such power under our laws as would enable him, in securing a private

end, to put an end to the functions of a political organization, and thus disorganize and destroy the government." "The rule rests on the principle that the public good requires that property needed for the proper administration of local governmental affairs shall not be taken from the local authorities, lest the due administration of such affairs be so much disturbed as to cause the public to suffer." *Lowe v. Board of Commissioners,* 94 Ind., 553.

We are satisfied that the rational interpretation of Section 8785 is that it includes motor vehicles of private persons and corporations, and excludes those owned and operated by governmental agencies of the State, for public purposes.

The appellant contends that if he may not subject the respondent's school bus to the provisions of Section 8785, he has suffered a wrong without a remedy. But it should be borne in mind that the suability of a state or any of its political subdivisions without express legislative sanction was a thing unknown to the common law. This, as we have already stated, has been so often laid down and acknowledged by Courts and jurists that it is hardly necessary to be formally asserted. At this time there is no law in this State authorizing an action *ex delicto* against a school district, except for the taking of private property without just compensation. The instant case, however, was not brought upon this theory; nor is the school district a party to the action.

It was aptly said by the Court in *Singleton v. City of Sumter,* 180 S. C., 536, 186 S. E., 535, 537, quoting this statement from the case of *Reeves v. City of Easley,* 167 S. C., 231, 166 S. E., 120, 128: "If the state desires to surrender for itself and its subdivisions immunity from suit, beyond the degree in which its sovereignty has been abrogated, it has the proper channel through which to accomplish its purpose, viz.: The legislative branch of the government.

Certainly it is wholly without the province of the courts to extend that immunity.."

Appellant asserts that under the well-settled law of this State, the school district as owner and operator of respondent motor vehicle, even though a political subdivision of the State, is not immune to an action for damages for the "taking" of property. *Sherbert v. School District No. 85, Spartanburg County, supra.* And see cases to the same point cited *supra.* And he argues that inasmuch as the school district cannot claim immunity in the constitutional sense, neither can the offending motor vehicle solely on the ground of its being an instrumentality owned and operated by the school district. We are unable to follow this reasoning. Appellant says that his automobile, by reason of the damages it sustained through the collision, was *taken* by the respondent motor bus. Certainly it may not be maintained in any conceivable case that the school bus could exercise the right of eminent domain, or be held liable upon such theory. But aside from this, the plaintiff's action is based upon negligence, and not upon the taking of his automobile without just compensation.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.